RAILROAD COMPANY *v.* VARNELL.

Exceptions to the charge of the court which are in general terms, and do not clearly and specifically point out the objectionable part of it, cannot be sustained as a ground for reversing the judgment.

ERROR to the Supreme Court of the District of Columbia. The facts are stated in the opinion of the court.

*Mr. Enoch Totten* for the plaintiff in error.

*Mr. Thomas T. Crittenden* and *Mr. Glen W. Cooper, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Owners of vessels engaged in carrying passengers assume obligations somewhat different from those whose vehicles or vessels are employed as common carriers of merchandise. Obli-

gations of the kind in the former case are in some respect less extensive and more qualified than in the latter, as the owners of the vehicle or vessel carrying passengers are not insurers of the lives of their passengers, nor even of their safety; but in most other respects the obligations assumed are equally comprehensive, and perhaps even more stringent.

Common carriers of merchandise, in the absence of any legislative regulation prescribing a different rule, are insurers of the goods and are liable at all events and for every loss or damage, unless it happened by the act of God or the public enemy, or the fault of the shipper, or by some other cause or accident expressly excepted in the bill of lading, and without fault or negligence on the part of the carrier. *Propeller Niagara* v. *Cordes et al.*, 21 How. 23.

Carriers of passengers even in street-cars are bound to a higher degree of care, skill, and vigilance in the preparation and management of their vehicles of conveyance than were required of the owners of the stage-coaches, as well on account of the greater number transported at the same time as the constant ingress and egress of the persons entering or leaving the car. Travellers must take the risk necessarily incident to the mode of travel which they select; but those risks in the legal sense are only such as the utmost care, skill, and caution of the carrier in the preparation and management of the vehicle of conveyance is unable to avert. *Pendleton* v. *Kinsley*, 3 Cliff. 420.

Prepayment of the usual fare having been made by the plaintiff, he entered the car of the defendants, as he alleges, for a passage from Washington to Georgetown, and on arriving at the depot of the latter place, and when being in the act of getting off from the car, was thrown from the same upon the ground by the carelessness and negligence of the defendants, and was thereby greatly injured, so that he could not perform the usual duties of his employment; that in consequence of the injuries so received he was compelled to employ a physician at great expense, and was confined to the house for a long time, during which he suffered great pain and anguish. Suitable indemnity being refused, the plaintiff instituted the present suit to recover compensation for the alleged injuries and the

consequent expenses.  Service was made, and the defendants appeared and pleaded the general issue, which was subsequently joined by the plaintiff.  The preliminary proceedings being closed, the parties went to trial, and the verdict and judgment were for the plaintiff in the sum of $4,000, with costs of suit.  Exceptions were filed by the defendants, and they sued out the present writ of error, and removed the cause into this court for re-examination.

Since the case was entered here, the defendants have assigned for error the following causes, for which they claim that the judgment should be reversed: 1. That the instructions of the court set forth in the first three exceptions are erroneous as to the supposed contributory negligence of the plaintiff.  2. That the court erred in the instruction given to the jury as to the measure of damages.  3. That the court erred in refusing the two prayers for instruction presented by the defendants, and in the instructions given in lieu of those prayers.  4. That the instructions given by the court to the jury were incoherent, contradictory, and incomprehensible, and must necessarily have confused and misled the jury to the disadvantage of the defendants.

Evidence was introduced by the plaintiff tending to show that he, on the day and at the place alleged in the declaration, entered one of the cars of the defendants, and that he, having first paid his fare to the conductor, rode in the car to the terminus of the route in Georgetown, at the intersection of High and Bridge Streets ; that the car was then stopped at the usual place for passengers to leave and pass out; that several passengers had got off from the car, and that plaintiff started for that purpose, and having passed out of the rear end had stepped on the lower step of the car and was about stepping to the ground when the car was suddenly started with a jerk, which threw him to the ground, his left hip striking the paved street, and that the thigh bone of his hip at the socket was dislocated and fractured by the fall ; that the plaintiff was carried to his home, where he was confined to his bed for several weeks, and that he has ever since been compelled to walk with a cane, and has been unable to perform any labor, and that the injured leg is considerably shorter than the other; that he was sixty-four

years of age at the time of the accident, and that up to that time he had always been healthy.

Witnesses were examined by the defendants, and they gave evidence tending to show that the plaintiff, just before the accident, was standing upon the rear platform of the car, and that he jumped from the car before it stopped, and that in jumping from the car he fell and was injured; that at the time of the accident the car had almost reached its usual stopping-place, and that the plaintiff, if he had waited a short time, could have alighted from the car in safety.

Rebutting evidence contradicting that given by the defendants was also introduced by the plaintiff, and the bill of exceptions shows that in cross-examining one of the defendants' witnesses he laid the foundation to admit proof that the witness had made contradictory statements out of court. Proof to that effect was subsequently offered by the plaintiff; and in examining the witness called for that purpose the questions put were leading in form, to which the defendants objected on that account, but the court overruled the objections, and having admitted the answers the defendants excepted. Three or four exceptions of the kind were taken; but inasmuch as the rulings of the court are not assigned for error, it will be sufficient to say upon the subject, that if they had been assigned as error, it could not have benefited the defendants.

More difficulty arises in disposing of the exceptions to the charge of the court, for two principal reasons: 1. Because the instructions are so framed as to render it somewhat uncertain what the principle of law is that the presiding justice gave, or intended to give, to the jury. 2. Because the exceptions are so general and indefinite, that it is impossible to determine with certainty to what part of any one of the instructions any one of the exceptions refers.

Three exceptions are embraced in the first assignment of error, and the complaint is that the court erred in failing to give the defendants the full benefit of their evidence as to the contributory negligence of the plaintiff.

Turning to the record, it appears that the first exception to the charge of the court is addressed to nearly a page of the remarks of the presiding justice, with nothing to aid the in-

quirer in determining what the complaint is, beyond what may be derived from the exception, which is in the following words: "To which instruction the counsel for the defendants then and there excepted."

Much less difficulty would arise if the assignment of error contained any designation of the precise matter of complaint; but nothing of the kind can be obtained from that source. Certain portions of those remarks appear to be unobjectionable; as, for example, the judge told the jury that they must first determine whether the plaintiff was a passenger on the railroad of the defendants, and he called their attention to the testimony of the conductor, that the plaintiff was not in the car in which it seems he claimed that he had been riding just before he received the injury.

Comments were made upon the testimony bearing upon that point, and the judge next stated to the jury to the effect that they must then determine from the evidence whether he fell off or got off, and was hurt in getting off, remarking, that probably there was no dispute that he got hurt in falling from the car, but that the question was whether he, the plaintiff, was in fault, or whether the driver or conductor of the car caused the injury; adding, that if it was the fault of the conductor, the company was responsible. If you come to the conclusion, said the judge, that the plaintiff acted in a neglectful manner in getting off from the car, or that he was in fault, he cannot recover; but if you come to the conclusion that it was the fault of the driver in starting too soon, or in not properly observing that the plaintiff was about to get off, and that the accident occurred in consequence of the too sudden starting of the car, the company is liable, if it was the fault of the driver or conductor.

Inaccurate language and, in some instances, incomplete sentences were employed by the judge; but the court is not able to see that any error of law was committed, or that the errors of language committed were of such a character as to warrant the conclusion that the jury were misled in respect to the legal rights of the parties; nor is the court here able to see that any remarks of the judge were of a character to withdraw any of the evidence from the proper consideration of the jury. Instead of that, he submitted it all to their determination, and

then remarked, that if they found that the injury received by the plaintiff was by the neglect of the railroad, then it would be their duty to ascertain the extent of the injury from the evidence, to which no objection can properly be made.

Reference was then made to the evidence, and comments of a general character followed; and at the close of the judge's remarks upon that subject is another exception, in the words following: "To which instruction the counsel for the defendants then and there excepted." Discussion of that exception may well be omitted, as the remarks made in respect to the preceding exception are believed to be sufficient to show that it is not sufficiently explicit, and that it must be overruled.

Expert witnesses were called and examined in the case, and the third exception has respect to the remarks of the judge upon that subject. Neither the exception nor the assignment of error designates any particular remark of the judge as erroneous, and in view of the fact that the exception is addressed to the entire remarks as an instruction, the court is of the opinion that it requires no further examination.

Extended remarks were made by the judge upon the subject of damages, in case the jury came to the conclusion that the plaintiff was entitled to recover, to which two exceptions are appended, to the effect that the defendants then and there excepted to the remarks which preceded the note of exception. Exceptions put in that general form are certainly not entitled to favor; but it is proper to remark that those under consideration stand in a worse condition than those previously examined, for the reason that the attention of the judge after the charge was concluded was directed to many passages in his remarks as objectionable, every one of which the judge either corrected as requested, or, where the suggestion of error was in respect to the testimony, he referred the question to the recollection of the jury. Such corrections must, of course, be considered in connection with the antecedent remarks of the judge; and when that part of the charge is viewed in that light, the court is of the opinion that the exceptions must be overruled.

Two prayers for instruction were presented by the defendants: 1. That the court should instruct the jury that the plaintiff is not entitled to recover any thing for the services of

the physicians or other expenses, as there was no testimony to show the amount of money, if any, he paid on that account. 2. That the court should instruct the jury that in estimating the damages of the plaintiff they must take into consideration his advanced age as lessening his capacity for earning money.

Responsive to the first request, the judge remarked to the jury that there being no evidence on the subject of the specific amount of the physician's bill, " you will not take that into consideration, unless there is doubt," evidently leaving the sentence incomplete; but his attention was not called to the omission, and the court here is of the opinion that the defendants have no cause to complain of that part of the charge as an error of law.

Both requests were refused, and in response to the second the judge remarked to the effect that the jury acting reasonably must ascertain the proper amount of the damages; that if they found damages, they must be reasonable, as they could not tell whether a man would live one, two, or five years. Probably no one will think that these remarks of the judge were very instructive to the jury; but it is not possible to hold that they show any legal error for which the judgment should be reversed.

Where the charge of the judge to the jury is of a character to mislead the jury, the error is one of law, and may be corrected in an appellate court; but in every such case the part of the charge to which the exception is addressed ought to be distinctly pointed out. Unless that be done, the exception cannot be sustained as a ground for reversing the judgment, as that can only be done for error of law.

For these reasons, the court is of the opinion that there is no error in the record.

*Judgment affirmed.*