### WOODBURY et al. v. CITY OF SHAWNEETOWN.

(Circuit Court of Appeals, Seventh Circuit. May 4, 1896.)

#### No. 138.

1. REVIEW—GENERAL FINDING—WAIVER OF JURY.
   Where a jury is waived in writing, and the court makes merely a general finding of facts, no question is presented on writ of error of the sufficiency of the facts found to support the judgment. Rev. St. §§ 649, 700.

2. ASSIGNMENTS OF ERROR—ALLEGATIONS OF FACT.
   An assignment of error cannot be accepted as proof of facts alleged therein, and cannot, therefore, be considered, in the absence of anything else in the record to show that the court did or did not rule as asserted in such assignment.

3. SAME—WAIVER OF JURY—EXAMINATION OF EVIDENCE.
   In an action at law, tried by the court without a jury, assignments of error which would involve an examination of the evidence cannot be considered by the appellate court.

4. REVIEW—RULINGS ON MOTION FOR NEW TRIAL.
   Whether a motion for a new trial shall be granted or refused is a matter of discretion in the federal courts, and their action thereon is not assignable as error.

Error to the Circuit Court of the United States for the Southern District of Illinois.

Geo. A. Sanders, for plaintiffs in error.

Carl Roedel, for defendant in error.

Before WOODS, Circuit Judge, and BAKER and SEAMAN, District Judges.

WOODS, Circuit Judge. The declaration in this case is in assumpsit upon five bonds, part of a series of twenty-five for $1,000 each, of the city of Shawneetown, bearing date January 1, 1872. Issue was joined by a plea of non assumpsit, and the case submitted for trial to the court by written agreement waiving a jury. The court made a general finding, and gave judgment for the defendant. No question is presented upon any action or ruling of the court in the progress of the trial of the cause, and, the finding not being special, there is presented here no question of the sufficiency of the facts found to support the judgment. Rev. St. §§ 649, 700. The specifications of error, first to tenth inclusive, are to the effect that the court erred in holding or in not holding as stated upon particular questions; but an assignment of error cannot be accepted as proof of facts alleged in it, and there is nothing else in the record to show that the court did or did not rule as asserted. The eleventh specification relates only to the question of costs. The twelfth is to the effect that the court erred in not giving the plaintiff judgment for the amount of his bonds, interest, and the costs of the action; but to determine whether there was error in that respect would involve an examination of the evidence, which in a case tried by the court without the aid of a jury is not within the power or jurisdiction of this court. The adjudications to that effect are numerous. Skinner v. Franklin Co., 6 C. C. A. 118, 56 Fed. 783, and 9 U. S. App. 676, and cases cited; Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 752, and 19 U. S. App. 448; U. S. v. Carr, 10 C. C. A. 80, 61 Fed. 802, and 19 U. S. App. 679; National Bank of Commerce v. First Nat. Bank, 10 C. C. A. 87, 61 Fed. 809; Adkins v. W. & J. Sloane, 10 C. C. A. 69, 61 Fed. 791, and 19 U. S. App. 573, 661; Distilling & Cattle Feeding Co. v. Gottschalk Co., 13 C. C. A. 618, 66 Fed. 609, and 24 U. S. App. 638, and cases cited.

The bill of exceptions in this record shows no exception save to the overruling of the motion for a new trial. It does not purport to contain all the evidence, and, while it sets out matters of record and other facts as having been agreed upon, it does not show that all the facts are stipulated, nor that the case is submitted upon the facts stated as "an agreed case." The judgment in an agreed case may be reviewed as if the facts had been specially found. See cases supra. The other specifications of error are upon the overruling of the motion for a new trial, and, it is well settled, present no question for review, because in the federal courts it is a matter of discretion whether a motion for a new trial shall be granted or denied.

The judgment below must be affirmed.