## STEWART et al. v. MORRIS et al.

(Circuit Court of Appeals, Seventh Circuit. July 26, 1898.)

### No. 476.

1. SET-OFF—MUTUALITY OF DEMANDS—SURVIVING PARTNERS.

In an action by a partnership, the defendant may plead in set-off a demand against a former partnership, of which the plaintiffs are the surviving members, and to which they succeeded.

2. WITNESSES—USE OF MEMORANDUM.

Under the rule in Illinois, which is followed by the federal courts in that state, a witness may use a memorandum to refresh his memory only when he has an independent recollection of the facts. If he can only testify to them because he finds them on his memorandum, he cannot properly either read or speak from it.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

S. P. McConnell, for plaintiff in error.
Chas. H. Aldrich, for defendant in error.

Before WOODS and SHOWALTER, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. This action was brought by Robert B. Stewart and Elisha B. Overstreet, co-partners, doing business under the firm name of Stewart & Overstreet, against Nelson Morris, Frank E. Vogel, and Edward Morris, co-partners, doing business as Nelson Morris & Co., to recover the purchase price of cattle, amounting to $14,931.44, sold by the plaintiffs to the defendants on December 31, 1894, and January 1, 1895. The defendants pleaded a set-off of $15,406.71, arising from the failure of title to cattle which they had purchased from the co-partnership of Cash, Stewart & Overstreet on December 10, 1890, which firm was then composed of the plaintiffs in this case, and James G. Cash, who died in April, 1891. The firm of Cash, Stewart & Overstreet was succeeded by Stewart & Overstreet. It is urged that there is wanting here that mutuality of demands which is essential to the right of set-off; but the authorities leave no room for doubt on that subject. The question of mutuality is to be determined by the relations of the parties to the several demands at the time when the set-off is pleaded. 22 Am. & Eng. Enc. Law, 295, 296; Wat. Set-Off, §§ 227, 229.

The errors assigned on rulings of the court during the progress of the trial, excepting one, relate to questions which were purely technical, and which manifestly had nothing to do with the result; but an error was committed in admitting testimony which cannot be said, with certainty, to have been harmless. A witness was called to prove statements made by one of the plaintiffs in error, of which statements the witness had made a memorandum in longhand. The

witness, having been told by the court, over objection, that, "if he thought his recollection would be refreshed by referring to the notes, he might use them for such purpose," said:

"I would say, this is a matter of over six years ago, and I would not be able to give the language of Mr. Overstreet. But by looking at these memoranda I could tell almost verbatim what Mr. Overstreet stated, and I would prefer to state what took place at that time from my memoranda, instead of trusting to my memory. I can't tell whether I could recollect back to January 24, 1891, and state what took place, or what I recollect from the notes taken at that time. So I would prefer to refresh my memory by reading the memoranda as it took place exactly, because I do not wish to make any statement not in exact accordance with the facts."

Thereupon, with the permission of the court, the witness proceeded to read his memorandum to the jury.

While there is conflict of authority on the subject, such testimony having been held admissible in some instances (Halsey v. Sinesebaugh, 15 N. Y. 485, cited in Maxwell's Ex'rs v. Wilkinson, 113 U. S. 656, 5 Sup. Ct. 691; Clark v. Vorce, 15 Wend. 193; Insurance Cos. v. Weides, 14 Wall. 375; 1 Greenl. Ev. § 437, and notes), it seems to be clear that in Illinois such evidence is not admissible: Elston v. Kennicott, 46 Ill. 187; Railroad Co. v. Adler, 56 Ill. 344. At page 348 in the last-named case it is said:

"It has been held by this court that a witness may use a memorandum to refresh his memory. Dunlap v. Berry, 4 Scam. 327. But, while the witness may use the memorandum to refresh his memory, he must be able to state that he remembers the facts. If he has no recollection of the circumstances, and can only say that they are true because he finds them on his memorandum, it would not be proper to permit the witness to either read or speak from the memorandum."

The federal courts follow the rule of the state in which the trial is had. Ex parte Fisk, 113 U. S. 713, 720, 5 Sup. Ct. 724; City of Chicago v. Baker, 30 C. C. A. 364, 86 Fed. 753. The judgment below is therefore reversed, with direction to grant a new trial.