STEWART et al. v. MORRIS et al.

(Circuit Court of Appeals, Seventh Circuit. October 3, 1899.)

No. 591.

1. REVIEW ON APPEAL—INSTRUCTIONS—IMMATERIAL OMISSIONS.

If the trial court omits to state in its charge on which party rests the burden of proof of an issue, and counsel does not call its attention to the omission, it cannot be regarded by the appellate court as of sufficient gravity to require a reversal of the judgment.

2. SAME—EXCEPTIONS AND ASSIGNMENTS OF ERROR ON INSTRUCTIONS.

When an instruction is claimed to carry an implication beyond what is expressed, the exception thereto, under the rules of the circuit court of appeals, should state the particular meaning or implication objected to, and the specification of error must also set out the language of the instruction.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Samuel P. McConnell, for plaintiffs in error.

C. H. Aldrich, for defendants in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. This is the second writ of error in this case. 60 U. S. App. 232, 32 C. C. A. 7, and 88 Fed. 461; 60 U. S. App. 557, 32 C. C. A 203, and 89 Fed 290. The bill of exceptions shows that counsel for the plaintiffs, who are here the plaintiffs in error, upon the delivery of the court's charge to the jury "excepted specifically to each of the following propositions of law stated in said charge":

(1) "The rule of law is that an agent is not bound in a transaction if he acts for, and is understood as acting for, a principal, disclosed at the time as the principal in the transaction; but the mere fact that in the course of these transactions he names a principal or a person for whom he may be acting is not sufficient to exempt him from liability if he chooses subsequently to contract in his own name as principal, and assumes the position of principal in the transaction."

(2) "If, on the other hand, it appears from the testimony that Mr. Overstreet, acting for the plaintiffs, told Mr. Cassell that the cattle were owned by Wilson, and, further, so acted and conducted himself that Mr. Cassell, representing Nelson Morris & Co., was bound to understand that they were simply representing this man Wilson, and not themselves, going along and taking no part except that of buyers' [sellers'] agents for Wilson, then the set-off is not sustained, because it would be a transaction by them simply as agents."

(3) "If you find that they (Cash, Stewart & Overstreet) so conducted themselves that they were understood, and properly understood, by Mr. Cassell, representing Nelson Morris & Co., as the principals, then you must ascertain the amount of damages suffered by Nelson Morris & Co."

The disputed point in the case was whether Cash, Stewart & Overstreet were principals, or merely agents, in selling to Nelson Morris & Co. at the National Stock Yards at East St. Louis, in December, 1890, 557 live cattle, brought there for sale by W. D. Wilson, and afterwards found to have been under a chattel mortgage. The defendants in error, having been compelled to pay the debt secured by the mortgage, pleaded the amount paid as a set-off against the undisputed demand of the plaintiffs in error, who, it is conceded, are the successors, and bound by the obligations, of Cash, Stewart & Overstreet.

The first proposition is objected to as meaning that, even though the jury believed the transaction to have been one of agency and so understood by the parties, yet the plaintiffs in error made themselves liable as principals subsequently by presenting to Nelson Morris & Co. a bill in their own name, and collecting thereon the price of the cattle. The instruction carries no such implication, and another part of the charge made it impossible for the jury so to understand it.

The contention in respect to the second and third propositions is that by implication they imposed upon the plaintiffs in error the burden of proving that they acted in the transaction as agents, and not as sellers, and besides required that their position be established by stronger proof or greater certainty than was necessary. Neither of the propositions is in itself erroneous. If the facts were as supposed in each, the legal conclusion stated necessarily followed. The objection is that the word "bound" means more than should have been required. The word, as used, we think meant, and was intended by the court, and probably was taken by the jury, to signify, no more than "ought" or "bound in reason." If counsel for the plaintiffs in error feared a misapprehension on the part of the jury, it was his privilege and duty, before the jury retired, to move for a qualification or explanation of the charge, both in respect to the degree of certainty required and in respect to the location of the burden of proof. Neither of the propositions, it is clear, was intended to touch the latter point; and if the court by oversight, or because it had settled the question in the presence of the jury by awarding the opening and closing of the argument to the defendants in error, omitted to state in the charge on which party was the burden of an issue, and counsel did not observe or deem it worth while to call to the attention of the court the omission, this court cannot regard the matter as of sufficient gravity to require a reversal of the judgment. The third proposition is not only right in itself, but it admits of no implication against the plaintiffs either in

respect to the burden or degree of proof. If the plaintiffs so conducted themselves that they were "properly understood" by the other party to be acting as principals, the reasonable and necessary conclusion was that they intended to act in that character.

While we have considered the objections to these parts of the charge on their merits, it is proper to observe that the exceptions thereto were not saved nor the errors specified in the assignment of errors in the manner required by the rules of this court. By rule 10 the party excepting must "state distinctly the several matters of law in the charge to which he excepts." To comply with that requirement, it may be enough sometimes merely to quote the language of that part of the charge which is supposed to be erroneous. That will do if the language quoted expresses a single proposition of law with unambiguous directness, but if the quotation embraces different propositions, or, like those now before us, is supposed to carry implications beyond or outside of what is expressed, it is intended by the rule that the exception shall state the particular meaning or implication,—the exact proposition of law objected to; and then, to enable this court to determine whether the language of the court embodied that proposition, either expressly or by implication, it is necessary that the language be brought up in the bill of exceptions, and be set out totidem verbis, as required by rule 11, in the specification of error. As recently amended, the rule also requires that the specification of error "shall state distinctly the grounds of objection to an instruction given." These rules, if carefully and intelligently followed, will accomplish the purpose of their adoption, namely, that this court shall not be compelled to consider questions not brought to the attention of the lower court. One is told what hidden figure to search for in a puzzle picture, but who, on looking at either the exceptions or the specifications of error in this record, would suspect that there was involved a question of the burden of proof, or of the significance of the word "bound," or of the effect of a bill of sale made out hours after the transaction, as evidence that the seller named was in fact the seller, and not an agent for a disclosed principal? Other rules, like the provision in rule 24 that the specifications of error in the brief of the plaintiff in error shall be followed with a reference to the portions of the record on which the question is raised, were intended merely for the convenience of the judges, and may be disregarded with less risk to the party's standing in court. The judgment below is affirmed.