### COLUMBUS CONST. CO. v. CRANE CO.

(Circuit Court of Appeals, Seventh Circuit. April 19, 1900.)

#### No. 548.

APPEAL—EXCEPTIONS TO CHARGE—CONSTRUCTION OF RULE.

Rule 10 of the circuit court of appeals, Seventh circuit (31 C. C. A. cxlv., 90 Fed. cxlv.), requiring a party excepting to a charge to "state distinctly the several matters of law in the charge to which he excepts," is intended to require that each particular proposition of law excepted to shall be stated, together with so much of the charge as is supposed to embody the proposition deemed erroneous, and such construction is in harmony with that given the similar rule of the supreme court. The rule does not require the different grounds of objection to be enumerated in the exceptions.

On Petition for Rehearing. Denied.

For former opinion, see 98 Fed. 946.

Before WOODS, Circuit Judge, and BUNN and ALLEN, District Judges.

WOODS, Circuit Judge. The petition for rehearing is devoted mainly to an effort to demonstrate that by our opinions in this case, and in Stewart v. Morris, 37 C. C. A. 562, 96 Fed. 703, we have placed on our rules concerning the saving of exceptions to instructions and the assignment of error thereon a construction which is unwarranted by the terms of the rules, and is inconsistent with the construction placed by the supreme court on similar rules. For the purposes of this case the discussion is not important, since in no instance was an exception to the giving or refusing of an instruction disposed of on the ground that it was not properly saved or the error inadequately assigned. With a single exception the questions presented by the briefs were considered on their merits. It is, however, of great importance to know whether we may abide by a construction of our rules that will prevent the presentation of questions upon a jury charge for review which were not brought to the attention of the trial court, or must yield to the contention that it is and ought to be enough for counsel to "state the parts of the charge to which he excepts." The rule is not so worded. On the contrary, the language is that the party excepting shall "state distinctly the several matters of law in the charge to which he excepts." It is another rule, No. 11 (31 C. C. A. cxlvi., 90 Fed. cxlvi.), which requires that "when the error alleged is to the charge of the court each specification of error shall set out the part referred to [not 'excepted

to'] totidem verbis." This record affords examples of exceptions to parts of the charge which embraced a number of propositions both of law and fact. Evidently this may often be true of a single sentence, but it is only to matters of law that exceptions can be taken, and, the rule requiring a distinct statement of the several matters of law to which exception is taken, a single exception to a part of the charge which embraces more than one proposition or matter, manifestly does not meet the requirement. The evident meaning of the rule is that the particular proposition or matter of law excepted to shall be distinctly stated, and, when not shown by the bill of exceptions to be stated in the words of the charge, the part of the charge supposed to embrace it must be shown by the bill and be set out totidem verbis in the assignment of error. The following form is suggested: "The plaintiff excepts to the ruling that (state a single proposition or matter of law), as shown by the following portion of the charge (setting it out)." It is an erroneous assumption that our construction of this rule requires the excepting party to state the grounds of exception. It only requires him to state distinctly the proposition or matter of law excepted to. It is quite another thing to state the grounds of objection, which may be few or many, according to the nature of the question and the facts of the case. Doubtless, in many, if not most, cases, once the proposition excepted to is definitely stated, the ground of objection may be so apparent as not to need statement, but the essential difference between a statement of what is excepted to and a statement of the reasons supposed to justify the exception must be manifest; and there is no just ground for the suggestion that "in the courts of trial exceptions will be elaborated with great prolixity and verbosity, under the painful apprehension lest something under this practice deemed essential may be otherwise omitted." The grounds of objection to an instruction given are required by rule 11, as recently amended, to be stated in the assignment of errors, and there can be no hardship in that. The further suggestion, that "the tendency is and always must be in developing the formal or technical requirements of the law to sacrifice the substance," is sufficiently guarded against by the fourth subdivision of rule 24 (31 C. C. A. clxiv., 90 Fed. clxiv.), as amended, that "the court at its option may notice a plain error involving the merits of the case, though not assigned or specified, and though the question be not saved according to the strict rules of practice, if it be apparent of record that the 'point was contested, and not waived, in the court below."

The cases in the supreme court to which reference has been made are: Carver v. Jackson, 4 Pet. 1, 81, 7 L. Ed. 761; Ex parte Crane, 5 Pet. 190, 198, 8 L. Ed. 92; Conard v. Insurance Co., 6 Pet. 262, 280, 8 L. Ed. 392; Magniac v. Thompson, 7 Pet. 348, 390, 8 L. Ed. 709; Stimson v. Railroad Co., 3 How. 553, 556, 11 L. Ed. 722; Zeller's Lessee v. Eckert, 4 How. 288, 297, 11 L. Ed. 979; United States v. Morgan, 11 How. 154, 158, 13 L. Ed. 643; Johnson v. Jones, 1 Black, 209, 219, 17 L. Ed. 117; Pomeroy's Lessee v. Bank, 1 Wall. 592, 602, 17 L. Ed. 638; Thompson v. Riggs, 5 Wall. 663, 675, 18 L. Ed. 704; Railroad Co. v. Varnell, 98 U. S. 479, 485, 25 L. Ed. 233; U. S. v.

Carey, 110 U. S. 51, 3 Sup. Ct. 424, 28 L. Ed. 67; Railroad Co. v. Hart, 114 U. S. 654, 663, 5 Sup. Ct. 1127, 29 L. Ed. 226; Hanna v. Maas, 122 U. S. 24, 7 Sup. Ct. 1055, 30 L. Ed. 1117; Reagan v. Aiken, 138 U. S. 109, 113, 11 Sup. Ct. 283, 34 L. Ed. 892.

Rule 4 of the supreme court, first promulgated at the January term, 1831, as rule 38, and given its present form on January 7, 1884, is substantially the same as the first subdivision of rule 10 of this court (31 C. C. A. cxlv., 90 Fed. cxlv.), each containing the two provisions that a bill of exceptions shall not be allowed which shall contain the charge of the court at large upon a general exception to the whole charge, and that the party excepting "shall be required to state distinctly the several matters of law in such charge to which he excepts." The second of these provisions is not merely the converse of the first, as the petition before us seems to assume, and the expressions of the supreme court in the cases referred to in condemnation of the practice of bringing up the entire charge upon a general exception are not to be regarded as indicating the scope or construction of the latter provision. They point plainly, however, to the construction declared by this court. In Carver v. Jackson, after refusing to consider exceptions to comments in the charge on the evidence, the court said that "if, indeed, in summing up, the court should mistake the law, that would justly furnish a ground for an exception; but the exception should be strictly confined to that misstatement, and, by being made known at the moment, would often enable the court to correct an erroneous expression, or to explain or qualify it in such a manner as to make it wholly unexceptionable, or perfectly distinct." In Ex parte Crane this is reaffirmed, and the common-law rule recognized, as stated by Blackstone (2 Bl. Comm. 372), that "if, either in his directions or decisions, he [the judge] misstates the law, by ignorance, inadvertence, or design, the counsel on either side may require him publicly to seal a bill of exceptions, stating the point wherein he is supposed to err." "It is also stated in the books," the court proceeded to say, "that a bill of exceptions ought to be upon some point of law, either in admitting or denying evidence, or a challenge on some matter of law, arising upon a fact not denied, in which either party is overruled by the court. * * * If an exception may be taken in such form as to bring the whole charge of the judge before the court, * * * the exception will not be on a single point; it will not bring up some matter of law arising upon a fact not denied." It is to be observed that these decisions preceded only by a short time and presumably led to the adoption of rule 38, and the intention that as at common law an exception should "be on a single point" was well expressed in the requirement that the excepting party should "state distinctly the several matters of law in such charge to which he excepts." In Magniac v. Thompson, it was said to be "wholly inadmissible to take single and detached passages, and to decide upon them, without attending to the context"; and conversely it is equally inadmissible, under an exception to a portion of a charge, which contains two or more passages, to treat a single passage as the subject of the exception. In this respect the two rules of this court are

complementary,—one requiring the exception to be to a distinct matter or proposition, and the other requiring the bill of exceptions to show the context by setting out the part of the charge which is supposed to contain the matter excepted to. In Zeller's Lessee v. Eckert it was said that a bill of exceptions "is the creature of statute and restricted to the points stated." In Johnson v. Jones is this significant expression: "The first part of the charge, as thus set out, contains a distinct legal proposition. To this the plaintiff distinctly excepted. This was proper." In Pomeroy's Lessee v. Bank it was said that "where the objection is to the ruling of the court it is indispensable that the ruling should be stated." Exception to a part of a charge containing more than one proposition does not meet the requirement. It does not state the ruling. In Railroad Co. v. Varnell it was said that "the part of the charge to which the exception is addressed ought to be distinctly pointed out"; but manifestly that is not done by an exception to a part of the charge which contains other matter than that which is supposed to be erroneous. In Hanna v. Maas it was ruled that the excepting party must have a bill of exceptions "stating distinctly and specifically the rulings or instructions of which he complains," and of the bill in the record it was said that "instead of stating distinctly, as required by law and by the fourth rule of this court, those matters of law in the charge excepted to, and those only, does not contain any part of the charge,  *  *  *  undertakes to supply the want by referring to the exhibits," etc. The other citations have little bearing upon the question, but there are later cases which seem to be quite in point. In Ward v. Cochran, 150 U. S. 597, 604, 14 Sup. Ct. 230, 37 L. Ed. 1195, after reference to the case of Hanna v. Maas, supra, the court said: "The present record presents a very different condition of facts, as the bill of exceptions, in so far as it relates to the charge, specifies with distinctness the parts of the charge excepted to and the legal propositions to which exceptions were taken." A statement of the parts of the charge and of the legal propositions excepted to is just what the rules, as we have construed them, require. In Thiede v. Utah Territory, 159 U. S. 510, 521, 16 Sup. Ct. 62, 40 L. Ed. 237, it was said that "one object of an exception is to call the attention of the circuit judge to the precise point as to which it is supposed he has erred, that he may then and there consider it, and give new and different instructions to the jury, if in his judgment it should be proper to do so." In Valley Co. v. Pace, 158 U. S. 36, 15 Sup. Ct. 743, 39 L. Ed. 887, it was declared to be "the duty of counsel excepting to propositions submitted to a jury to except to them distinctly and severally." "Propositions," it is to be observed, is the word which was used, and not "parts" or "paragraphs of the charge"; and accordingly, in Holloway v. Dunham, 170 U. S. 615, 620, 18 Sup. Ct. 784, 42 L. Ed. 1165, the latest case touching the subject, the rule is declared that, when the paragraphs of a charge contain two or more propositions of law, "a general exception taken to any of such paragraphs would be insufficient if one of the several propositions were correct." See, also, Railway Co. v. Callaghan, 161 U. S. 91, 16 Sup. Ct. 493, 40 L. Ed. 628.

It is urged that one of the special requests for instruction was not considered. Special reference to it was not thought necessary, because it was deemed to be essentially the same as another request which was considered. It is in itself objectionable, because if given it might have been understood by the jury to mean that the contract called for pipe capable of making a line absolutely tight at the pressure of 1,000 pounds, and because of the concluding statement that if not of that capacity "the plaintiff was neither bound to receive it under the contract, nor to pay the contract price for it." The plaintiff had received and used the pipe, and there was therefore no question in the case of what the pl. ntiff was bound to receive. Having kept and used the pipe, the obligation, as explained in the opinion, was to pay for it whatever it was worth, even up to the contract price, if it was worth that price notwithstanding its incapacity to bear the stipulated pressure.

The petition is denied.