ADAMS v. SHIRK et al.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1901.)

No. 679.

1. APPEAL—SPECIFICATIONS OF ERROR.

The requirement of rule 11 of the circuit court of appeals (31 C. C. A. cxlvi., 90 Fed. cxlvi.) that a specification of error upon the admission or rejection of evidence "shall quote the full substance of the evidence admitted or rejected" has reference to the portion of the evidence concerning which it is sought to make some question, and a specification of error in the admission of a document which merely identifies such document as an assignment "transferring the leasehold" does not comply with the rule, where there was no dispute as to the effect of the assignment as a transfer of the leasehold, but the point in controversy was in relation to certain provisions supposed to create a personal liability on the part of the assignor for the payment of rentals thereafter accruing.

2. FEDERAL COURTS—FOLLOWING STATE PRACTICE—FORM OF ACTION.

Where the local practice in a state permits a lessor to sue an assignee of the lessee at law for rent, upon a contract of assumption in the assignment, such practice will be followed by the federal courts in the state.[1]

3. SAME—JURISDICTION—SUIT BY ASSIGNEE.

An action by a lessor against one to whom the lessee has transferred the lease, for the recovery of rent, is not one in which the plaintiff sues in the right of an assignee, but is brought in his own right as an original party to the contract and on a cause of action which never existed in favor of the lessee, and the citizenship of the latter cannot affect the jurisdiction of a federal court in the case.

On Petition for Rehearing. For former opinion, see 104 Fed. 54.

William Burry and John S. Runnells, for plaintiff in eror.

Frederic Ullmann and N. W. Hacker, for defendants in error.

Before WOODS and GROSSCUP, Circuit Judges, and KOHLSAAT, District Judge.

WOODS, Circuit Judge. The petition for a rehearing shows a misapprehension of the opinion handed down. When it was said that, if the court erred in holding or not holding as stated in certain specifications of error, "it must have been in giving or refusing instructions," it was not intended that there is something in the word "holding" "that necessarily implies instructions, or even the presence of a jury." That "any formulated conclusion of the court upon a question of law" is a holding, it did not need argument and illustration to demonstrate. The expression in the opinion is a concrete one, which has reference only to the case presented. There was a jury in the case, and, as the trial was conducted, it was impossible that the court should have held as stated in the specifica-

[1] Conformity of practice to that of state court, see notes to Nederland Life Ins. Co. v. Hall, 5 C. C. A. 594, and O'Connell v. Reed, 27 C. C. A. 392.

tions of error unless it was done "in giving or refusing instructions." So this court inferred, and the inference is completely justified by the petition itself, wherein, after quoting from the opinion in Woodbury v. City of Shawneetown, 20 C. C. A. 400, 74 Fed. 205, 34 U. S. App. 655, it is said: "It becomes an authority in our favor, for in the charge to the jury in our case the court states just what it did hold;" and this is followed with four quotations from the charge, on the strength of which it is assumed that "the record shows the holdings objected to." It is therefore impossible to escape the applicability of the provision of rules 11 and 24 (31 C. C. A. cxlvi., clxiv., 90 Fed. cxlvi., clxiv.) that each specification of error upon the charge shall "set out the part referred to totidem verbis," and of rule 10 (31 C. C. A. cxlv., 90 Fed. cxlv.) that in the bill of exceptions the excepting party shall "state distinctly the several matters of law in the charge to which he excepts." The significance of rule 10 has been explained in Stewart v. Morris, 37 C. C. A. 562, 96 Fed. 703; Columbus Const. Co. v. Crane Co., 40 C. C. A. 35, 98 Fed. 946, 101 Fed. 55. There is nothing in the opinion in Woodbury v. Shawneetown to justify a disregard of these requirements. It was a fact in that case, mentioned in the opinion, that there was nothing in the record to show the alleged rulings or holdings except the specifications of error; but it is not to be inferred that, if the record had contained a charge of the court in which the rulings could have been found, the specifications which were condemned would have been deemed sufficient to present the questions. To so hold, besides being a total disregard of the rules governing the saving of exceptions and the assignment of error upon instructions, would be inconsistent with the ruling in Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891, 24 U. S. App. 38, that a specification of error cannot be good under rule 11 if it is necessary to look beyond its terms, to the brief, for a specific statement of the question sought to be presented."

It is especially urged that by the eleventh specification a proposition of law is clearly stated. That assignment reads in this way:

"(11) The court erred in holding that a contractual relation between the plaintiffs and defendant was created by the document assigning the ground lease from the Smiths to Adams, being plaintiffs' Exhibit 5."

What is the proposition of law there stated? Merely that a contract relation between the plaintiff and the defendant was created by the document mentioned. That is a proposition of fact, perhaps, as much as of law; but, if treated as one of law purely, of what significance is it? Beyond question, there arose some kind of a contract relation between the parties, but to say that much by no means reaches the propositions advanced by counsel concerning liability for the rents sued for; and those propositions are not to be found in this specification of error, but, as the petition says, "are fully set forth in our brief." But, again, it is a fatal objection to this specification, as well as to the others condemned with it, that only in its charge did the court declare a contract relation between the parties, and the error should have been so specified.

The first, second, third, fifth, and seventh specifications of error

were condemned because they "do not, as required by rule 11, quote the substance of the evidence admitted or rejected." The second specification is that "the court erred in admitting in evidence the assignment dated December 27, 1895, from Perry H. Smith, Jr., in his own right and as administrator, to J. McGregor Adams, transferring the leasehold, etc., being plaintiff's Exhibit 5." That document, it is now urged, is fully identified, and by the expression "transferring the leasehold" "the substance or main object of the assignment was given." The trouble with this is that there has been no question in the case of the validity of the assignment, or of its effect as a mere transfer of the leasehold. The point of complaint is that the court did not declare the force of the provisions which touch the right of Adams to assign to another, and his liability for rents thereafter accrued; and the requirement of the rule that a specification of error upon the admission or rejection of evidence "shall quote the full substance of the evidence admitted or rejected" has reference to the portion of the evidence concerning which it is sought to make some question. It is argued that, so construed, rule 11 (31 C. C. A. cl., 90 Fed. cl.), which also requires that "such assignment of errors shall form part of the transcript of the record and be printed with it," is inconsistent with clause 3 of rule 10 (32 C. C. A. lxxxvii., 91 Fed. v.), which says: "No document shall be copied more than once in a bill of exceptions or in a transcript of the record of the case, but instead there shall be inserted a reference to the one copy set out." Manifestly there is no inconsistency. The "full substance" of a document is not a copy of it, and if, in any case, a full copy of a writing is set out in the assignment of errors, it will be the duty of the clerk below in preparing the transcript, and of the clerk of this court in supervising the printing, to cause it to so appear, and to make the proper references thereto from other parts of the record. Rule 10 is for clerks. Rule 11 is for attorneys. It follows, necessarily, that the first, second, third, and fifth specifications of error were properly declared unavailing. Each of them alleges error in the admission in evidence of a document well enough identified by description, but of which the substance is not stated.

It is further urged that "the objections shown in these specifications raised the question of the effect of the documents offered. If they did not support the declaration, they were improperly admitted in evidence." There are two fallacies here, both of which were noted in the original opinion. The specification of error does not conform to the rule, and, if that were waived, the objection shown by the bill of exceptions was only the general one of irrelevancy and incompetence, while the objection now is that the suit should have been in equity and not at law. It is not a question of the competency of the evidence and its relevancy to the actual dispute between the parties,—to the cause of action alleged,—but of the competency of the court to try the case. That ground of objection was not suggested at the first opportunity, and, if otherwise available, was waived. The documents were clearly admissible in evidence because directly relevant to the controversy. They supported the declaration. Indeed, it is stated in the brief, in support of the pe-

tition for a rehearing, that when they were offered in evidence "it was stated, and agreed to by the court, that argument upon the effect of the documents would properly be delayed until all the documents were before the court (that is, at the end of the plaintiff's case); and that at that time, and again upon a similar motion at the end of the whole testimony, * * * all the questions argued in our main brief in this case were fully discussed." That, plainly, was the reasonable course; and accordingly the court, in the beginning of its charge to the jury, said: "The difficult questions are questions of law, which have been determined by the court; that is, as to the effect of these various contracts and parts of contracts which have been introduced in evidence;" and, proceeding, the court instructed the jury that Adams "became bound by all the terms and provisions of this lease," and that, "by his agreement entered into at the time of taking the assignment, he was obligated for the lease, whether assigned or not," unless released by a transfer to a party satisfactory to the plaintiff. No exception was saved or error assigned upon these or other parts of the charge, and no requests were made for special instructions, except in respect to the effect of the tenders made by Pattison and refused by Shirk. "The main cause of complaint we have in this case against the trial court," says the petition, "was that it improperly construed the documents, not in the light of outside facts and surrounding circumstances, but considering them simply as documents set before the court for a determination or holding of the legal effect of their words. Believing that to be the point on which, mainly, an injustice had been done in the nisi prius court, the assignments of error concerning the holdings of the court were framed with the intention of calling up for review the decision, judgment, and holdings of the trial judge in holding and determining that a contractual relation between Shirk and Adams was created by any or all of the documents." It is reiteration to say that there is no assignment or specification of error so framed as to present any question of the legal effect of the documents mentioned,—even the indefinite, and, for the purposes of the case, unimportant, question, whether they evidenced a contract relation between Adams and the Shirks. It is to be observed, however, that the question whether there was such relation, and, to some extent, what was the scope of it, was involved, and was determined by this court in connection with other points ruled upon. In considering the effect of the tender we said, and now repeat it, as a direct proposition upon the force of the writings referred to:

"In the original lease it was stipulated that the lessees and their assigns should make no transfer of the leasehold, except by way of mortgage or trust deed, except upon the written consent of the lessor. Whether or not, without further stipulation, that restriction would have bound Adams, it is not necessary to consider. A further stipulation was made. He accepted an assignment by which, in express terms, 'for himself * * * and assigns personally,' he assumed 'all the terms, covenants, and agreements in said lease contained.'"

The binding character of such contracts of assumption by the grantee of a deed of conveyance or of a lease is too well settled to be open to discussion, though whether enforceable at law in a fed-

eral court, if the question be duly raised, may be debatable. In Illinois, however, the right to sue at law seems to be recognized. Dean v. Walker, 107 Ill. 540; Webster v. Fleming, 178 Ill. 140, 52 N. E. 975. And, that the local practice will be followed in the federal courts, see Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 210; Insurance Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118.

Whether the mere assignment of a lease like the one under consideration, without any stipulation on the part of the assignee to be bound by the original restriction against reassigning, would keep that restriction alive, seems to be the question of which mainly a decision is desired; but manifestly it is not presented by this record, and could not arise upon writings which contain explicit stipulations on the point. ,

The proposition, now first advanced, that there was a lack of jurisdiction in the lower court, because the citizenship of Smith, the original lessee, was not alleged, is manifestly untenable. The statutory inhibition against a suit to recover in a circuit or district court of the United States the contents of any promissory note or other chose in action in favor of any assignee or of any subsequent holder of such instrument, unless the suit might have been prosecuted in such court if no assignment or transfer had been made, evidently is inapplicable. The Shirks do not sue as assignees, but in their own right, as original parties to the contract, and upon a cause of action which never existed in favor of Smith. Before the rents accrued which the action was brought to recover, the leasehold had been transferred by Smith to Adams, and the plaintiffs had assented to the transfer in a way which doubtless released Smith from further liability even as surety for his assignee. See Smith v. Packard, 39 C. C. A. 294, 98 Fed. 793, where a somewhat analogous question was considered. The petition is denied.