### HUTCHINSON COOPERAGE CO. v. SNIDER.

(Circuit Court of Appeals, Seventh Circuit. April 22, 1901.)

#### No. 732.

**1.** EXPERT OPINION—MACHINERY.

Where the facts touching the question whether a machine was impracticable and unsafe cannot be fully communicated to the jury, expert opinion is competent.

**2.** ASSIGNMENT OF ERROR—INSTRUCTIONS.

An assignment of error to the giving of an instruction containing a number of propositions cannot be considered where the particular proposition of law objected to, or the grounds of objection, are not pointed out.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

V. W. James, for plaintiff in error.

W. W. F. Bailey, for defendant in error.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

PER CURIAM. This action was for personal injury suffered by the defendant in error while employed by the plaintiff in error at Greenwood, Wis., in operating a machine used for "butting and ripping bolts." It is alleged that the machine was not a fit one for the use to which it was put; that, in particulars stated, it was defectively constructed; and that the plaintiff, being inexperienced in the management of it, and without knowledge of the peculiar dangers to which he was thereby exposed, was taken from his regular and proper employment, and, without proper instruction, was put to operating the machine, and in operating it suffered the injury complained of. The defendant asked the court to direct a verdict for the defendant, but does not seem to have pointed out in what respect the evidence was supposed to be insufficient. See Adams v. Shirk, 43 C. C. A. 407, 104 Fed. 54. We are of opinion, however, that there was sufficient evidence upon every vital question to warrant the submission of the case to the jury. It would serve no good purpose to rehearse the testimony.

Error is assigned upon the giving of an instruction which, as set out in the specification, contains a number of propositions; and the specification fails to state the particular proposition of law objected to, or the grounds of objection. Stewart v. Morris, 37 C. C. A. 562, 96 Fed. 703; Columbus Const. Co. v. Crane Co., 40 C. C. A. 35, 98 Fed. 946; Id., 41 C. C. A. 189, 101 Fed. 55. We are of opinion, however, that the instruction was proper.

The court permitted witnesses to testify that a machine like a model put in evidence was impracticable and dangerous. This, it was objected, was an invasion of the province of the jury. When, however, the subject is one concerning which expert testimony is proper, it is not a good ground of objection that the opinion of a witness embraces "the point to be decided by the jury." Transportation Line v. Hope, 95 U. S. 289, 297, 24 L. Ed. 477. And when the inquiry is whether a machine is properly constructed, or is suitable for the use to which it is put, whether it can be operated without danger, or in what respects it will be dangerous to the one operating it, there can be no doubt that the testimony of experts will ordinarily be competent. Car Co. v. Harkins, 5 C. C. A. 326, 55 Fed. 932; Biscuit Co. v. Rouss, 20 C. C. A. 555, 74 Fed. 608; Daly v. City of Milwaukee, 103 Wis. 588, 79 N. W. 752; Fitts v. Railroad Co., 59 Wis. 323, 18 N. W. 186; Lawson, Exp. Ev. c. 5, "Mechanics & Workmen," passim. The witnesses, to whose testimony objection was made, each testified with reference to a model which was assumed to be a correct representation of the original machine, and, after stating his opinion that a machine so constructed was impractical and unsafe, in response to interrogation stated in what particulars he regarded the apparatus as defective in construction and dangerous in operation; and, when all the facts can be gotten before the jury in that way, it is certainly the better, and perhaps the only proper, practice that a witness, instead of being allowed to express a general opinion, shall be required to point out in what respects, if any, he considers the machine defective or dangerous; but, where the facts touching the question cannot be fully communicated to the jury, the competency of expert opinion is clear, and it is not apparent that in this instance the opinions expressed were improperly admitted. The judgment below is affirmed