MILLARD (UNITED STATES v.).  See Case No. 15,769.

---

## Case No. 9,549.

### MILLEDOLLAR v. BELL.

[2 Wall. Jr. 334.] [1]

Circuit Court, D. New Jersey. Oct. Term, 1852.

PRACTICE—JUDICIARY ACT—CITIZENSHIP—ASSIGNMENT OF CHOSE IN ACTION.

In suing on a chose in action, if the plaintiff be not a citizen of the same state as the defendant, his right to sue is not taken away by the fact that the chose may have passed to him through the hands of persons who were citizens of that state, and so unable to prosecute a suit in this court, provided the party to whom the chose was originally given was not such a citi-

[1] [Reported by John William Wallace, Esq.]

zen, and could himself have therefore prosecuted such a suit.

[Cited in Hampton v. Truckee Canal Co., 19 Fed. 4.]

The judiciary act (Act 1789, c. 20, § 11 [1 Stat. 78]), giving jurisdiction to the circuit court of suits between citizens of different states, says that this court shall not "have cognizance of any suit to recover the contents of any promissory note or other chose in action in favour of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made." In this case, which was a bill in equity to compel the sale of mortgaged premises, the bill set forth that the complainant, the mortgagee, one Milledollar, was a citizen of New York, and that the mortgagor, the defendant, Bell, was a citizen of New Jersey. But while setting forth seven intermediate assignments to persons who were named, it was silent as to the citizenship or residence of any one of them; except of the last, the present complainant, who was entitled, as already stated, a citizen of New York. On a demurrer to the bill, the question was, whether it was necessary to aver that each one of the assignees was or had been a citizen of a state different from that of Bell, the mortgagor and defendant.

In support of the demurrer: In Mollan v. Torrance, 9 Wheat. [22 U. S.] 537, a suit by an indorsee of a promissory note against an indorser, the declaration stated the plaintiff Mollan to be a citizen of one state, and the defendant Torrance to be a citizen of another; but was silent respecting the citizenship of one Lourie, a third person, the immediate indorser of the plaintiff, and a party through whom the plaintiff had to trace his title to the money for which the suit was brought. The court, distinguishing the case from that of Young v. Bryan, 6 Wheat. [19 U. S.] 146, where the judgment was sustained, say: "The suit is brought against a remote indorser, and the plaintiffs in their declaration trace their title through an intermediate indorser, without showing that this intermediate indorser could have sustained his action,"—and quoting Turner v. Bank of North America, 4 Dall. [4 U. S.] 8, decide that the count showed no jurisdiction. In Brown v. Noyes [Case No. 2,023], in the First circuit, the court speaking of the clause of the judiciary act now under consideration, and making no distinction in the position of the indorsees, says its policy "was to prevent parties coming into this court by assignments, when those previously interested were not entitled to come here." And in Heckscher v. Binney [Id. 6,316], "when the suit could originally have been brought here, it might be now, if the indorsee also lived out of the state, and could sue here."

Against the demurrer: Wilson v. Fisher [Case No. 17,803], in this circuit, has decided this point, which nothing but the statement there made by Judge Baldwin, that the point

had nowhere else, nor at any other time, been directly adjudicated, can allow to be treated de novo. The meaning and extent of the law, is there well presented at the bar. It is immaterial, said Mr. Rawle, senior, through whose hands the debt may have passed by assignment. If the right to the debt is transferred to an alien he may sue, not as representing his immediate assignor, but the original party. Turner v. Bank of North America, 4 Dall. [4 U. S.] 8, could not be sustained, because it did not appear that the original payee, under whom of course the plaintiff claimed, was a citizen of a state different from that in which the defendant resided. "The act of congress," he said, "refers to the capacity of the party to whom the debt was originally due, to sue in the federal courts, his right passes to the last assignee, who, if he is an alien or a citizen of another state, has the same right to sue here, as if he was the plaintiff in the judgment." And he added, that "full effect is given to the proviso in the act of congress, if the assignee is in the same situation as the party originally entitled to the debt; it would be straining the law beyond its obvious meaning, to put him in a worse." Here the complainant being a citizen of one state, and the defendant a citizen of another, the case comes within the enabling part of the law; and as a suit might have been prosecuted in this court, if no assignment had been made, the complainant does not come even within the letter of the proviso.

GRIER, Circuit Justice. The bill avers that Milledollar, the mortgagee, is a citizen of New York. He could, therefore, have brought his suit in this court for the contents of the bond and mortgage, "if no assignment had been made." And to sustain the jurisdiction of the court in his case, it would have been necessary only to aver that the mortgagors were citizens of New Jersey at the time suit was brought. The complainant's case is therefore within the strict letter of the law—nor can we discover anything in the spirit, equity or policy of the act, or in adjudged cases, which would compel us to give it a construction such as the defendant asks. The statute does not take from the assignee of a chose in action his right to sue in the courts of the United States, unless his immediate assignor could have sustained such action; but only in case the court could have had no jurisdiction as between the original parties to the instrument, if no assignment had been made. The situation or rights of temporary intermediate assignees, holders, or indorsers enter not into the conditions of the case.

The only case which has been brought to our knowledge, in which this point is directly decided, is that of Wilson v. Fisher [supra], which fully supports our view of this point. Mollan v. Torrance 9 Wheat. [22 U. S.] 537, in the supreme court of the United States, which has been quoted as upholding a con-

trary doctrine, will be found on examination to have no application. It affirms the doctrine of Young v. Bryan, 6 Wheat. [19 U. S.] 146, that an indorsee who resides in a different state, may sue his immediate indorser residing in the state where suit is brought, although the indorsee may be a citizen of the same state with the maker. The reason is, because the indorsee sues upon his own contract with the indorser, and not on the original contract of the drawer. But in the case last quoted, of Mollan v. Torrance, though Torrance was sued as indorser, Mollan was not the immediate indorsee, and it did not appear that Lowrie, who was the immediate indorsee and contractor with Torrance, could have sued in the circuit court. The question whether, if the immediate indorsee could have sued, and the then present holder and plaintiff could also have sued by reason of citizenshp, the rights of intermediate holders could affect the case, was not before the court. The language used in the opinion of the court, is perfectly correct, when applied to the case before it. No court can pronounce dogmas of universal application; and the application of general expressions, in an opinion, to cases not before the court, is a sure road to an erroneous result. The same remarks will apply to the cases decided in the First circuit (Brown v. Noyes [Case No. 2,023]; Heckscher v. Binney [Id. 6,316]), so far as the language of them can be made to apply to the present case at all. They are correct decisions of the case before the court. But the point now under consideration was not raised nor considered.

We are of opinion, therefore, that, as this bill shows that the complainant is a citizen of New York and the defendants citizens of New Jersey, at the time the bill was filed, and that the original contractor or mortgagee is a citizen of the same state, and could therefore have sued these defendants at the time this bill was filed, in the circuit court of New Jersey, "if no assignment had been made," this court has jurisdiction of the case, and the citizenship of the intermediate holders, owners or assignees, is immaterial, and need not be averred. Demurrer overruled with costs.