## BENJAMIN v. CITY OF NEW ORLEANS.

### (Circuit Court of Appeals, Fifth Circuit. April 28, 1896.)

### No. 466.

CIRCUIT COURTS—JURISDICTION—ALLEGATIONS OF CITIZENSHIP.

An allegation, in a bill of complaint brought by an assignee of claims against a Louisiana corporation, that "each of said persons in whose favor said claims accrued   *   *   *   are now, and were on the 9th day of February, 1891, citizens, respectively, of states other than the state of Louisiana, and competent, as such citizens, to maintain suit in this honorable court against the defendants, * * * if no assignment or transfer had been made," is insufficient to confer jurisdiction on the circuit court, but the state or states of which the assignors were citizens should be specifically designated.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

This was a suit by H. W. Benjamin against the city of New Orleans. A demurrer to the amended bill was sustained by the circuit court. 71 Fed. 758. Complainant appealed. Affirmed.

J. D. Rouse and Wm. Grant, for appellant.

Branch K. Miller, for appellee.

Before McCORMICK, Circuit Judge, and BOARMAN and SPEER, District Judges.

SPEER, District Judge. In this cause the averments upon which plaintiff relied to maintain the jurisdiction of the court are made in the following amendment:

"By leave of court first had and obtained, the complainant comes now and amends his bill herein by inserting at the end of the sixteenth paragraph, and before the seventeenth paragraph, thereof, on page 14 of said bill, the following averment, viz.: 'And your orator avers that each of said persons in whose favor said claims accrued, and to whom said certificates were issued, are now, and were on the 9th day of February, 1891, citizens, respectively, of states other than the state of Louisiana, and competent, as such citizens, to maintain suit in this honorable court against the defendants for the recovery of said indebtedness represented by said certificates, if no assignment or transfer thereof had been made.' Wherefore complainant prays as he hath already prayed, and that said defendants be required to answer this amendment on or before the next rule day, and for general relief.

"[Signed]              Rouse & Grant, Solicitors for Comp't."

The circuit court, upon demurrer to the bill, held that the proper diversity of citizenship to give jurisdiction was not properly alleged, and held, further, that the plaintiff's bill was defective for want of equity. We do not think that the jurisdiction of the circuit court was made to appear. It must affirmatively and plainly appear. The defendant being a corporation of the state of Louisiana, the plaintiff, the assignee of a number of claims transferred to him by persons who were members of the late metropolitan police of this city, may not sue in the circuit court unless the assignors themselves could have sued if no assignment or transfer had been made. The assignors could not have sued unless they had been at the time of the transfer, in fact, citizens of states other than

Louisiana, and it was essential to the jurisdiction of the court that such other state or states be specially designated. The defendant is entitled to actual and definite notice in the plaintiff's pleading of the citizenship, or alleged citizenship, of each assignor. No fact in the pleadings of the plaintiff, in these courts, can be more material, for the authority of the court to act depends upon it. It was not sufficient, then, to say that the assignors were "citizens, respectively, of states other than the state of Louisiana, and competent, as such citizens, to maintain suit in this court." Jurisdiction cannot be inferentially averred. Bradley v. Rhines, 8 Wall. 393; Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173; Parker v. Ormsby, 141 U. S. 83, 11 Sup. Ct. 912; New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905; Hunt v. Howes (C. C. A., 5th circuit, decided at this term) 74 Fed. 657. With relation to the decision of the circuit court that the plaintiff's bill was without equity, it is enough to say that, since the court had no jurisdiction whatever of the parties, that holding was, we think, superfluous. It was enough to sustain the demurrer because the necessary diversity of citizenship was not properly alleged. We therefore affirm the judgment of the circuit court, without prejudice to the right of plaintiff to sufficiently present his cause, if any he has, in a court having jurisdiction.