# BENJAMIN *v.* NEW ORLEANS.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 188. Argued January 10, 1898. — Decided January 31, 1898.

After the answers of this court to the questions of the Circuit Court of Appeals in this case, reported in *New Orleans* v. *Benjamin,* 153 U. S. 411, Benjamin amended his bill in the Circuit Court by inserting an averment that "each of said persons in whose favor said claims accrued and to whom said certificates were issued, are now, and were on the 9th day of February, 1891, citizens respectively of States other than the State of Louisiana, and competent as such citizens to maintain suit in this honorable court against the defendants for the recovery of said indebtedness, represented by said certificates, if no assignment or transfer thereof had been made." The city demurred on the ground that the case was not one of equitable cognizance, and that the amendment was insufficient to show jurisdiction. This demurrer was sustained in the Circuit Court, and the Circuit Court of Appeals affirmed its decree because the necessary diversity of citizenship was not affirmatively shown. *Held,* that this judgment of the Circuit Court of Appeals was final, and could not be appealed from.

THE case is stated in the opinion.

*Mr. J. D. Rouse* for appellant. *Mr. William Grant* was on his brief.

*Mr. Branch K. Miller* for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill filed by Henry W. Benjamin, "an alien and a subject of the Kingdom of Great Britain," on February 9, 1891, in the Circuit Court of the United States for the Eastern District of Louisiana, "against the city of New Orleans, a municipal corporation, created by the laws of the State of Louisiana and a citizen of said State; the city of Kenner, also a municipal corporation created by the laws of and a citizen of said State ; the Police Jury of the Parish of Jefferson and

the Police Jury of the Parish of St. Bernard, political corporations created by the laws of and citizens of said State," seeking to collect, in the manner and on the grounds therein set forth, certain Metropolitan Police warrants or certificates. The defendants other than the city of New Orleans seem to have dropped out in the course of the proceedings.

The jurisdiction of the Circuit Court was attacked by defendant but was maintained, and a decree entered in favor of complainant, from which defendant appealed to the Circuit Court of Appeals for the Fifth Circuit, whereupon that court certified certain questions to this court, by the answers to which it was determined that no such dispute or controversy arose in the case as gave jurisdiction to the Circuit Court without regard to the diverse citizenship of the parties, and that as the suit was, under the pleadings, a suit to recover the contents of choses in action within the meaning of the judiciary acts of 1887 and 1888, by the assignee thereof, and it did not appear that it could have been brought in that court by the assignors, the jurisdiction of the Circuit Court could not be maintained on the ground of diverse citizenship. *New Orleans* v. *Benjamin,* 153 U. S. 411.

On receipt of the answers certified from this court, the Circuit Court of Appeals reversed the decree of the Circuit Court and ordered that court to dismiss the bill, unless by amendment its jurisdiction could be made affirmatively to appear. Thereupon complainant amended the bill by inserting the following: "And your orator avers that each of said persons in whose favor said claims accrued and to whom said certificates were issued, are now, and were on the 9th day of February, 1891, citizens respectively of States other than the State of Louisiana, and competent as such citizens to maintain suit in this honorable court against the defendants for the recovery of said indebtedness, represented by said certificates, if no assignment or transfer thereof had been made."

The city of New Orleans demurred for the reasons that the case was not one of equitable cognizance, and that the amendment was insufficient to show jurisdiction. The Circuit Court sustained the demurrer on both grounds and dismissed the

bill, (71 Fed. Rep. 758,) whereupon the cause was taken to the Circuit Court of Appeals, which affirmed the decree because the necessary diversity of citizenship was not affirmatively shown. 41 U. S. App. 178.

The case was not brought here directly from the Circuit Court of the United States on the question of the jurisdiction of that court as such, nor did the Circuit Court of Appeals, when the case came before it for the second time, certify any question on which it desired our instruction.

On the contrary, this is an appeal from a judgment of the Circuit Court of Appeals affirming the decree of the Circuit Court, and the inquiry at once presents itself as to our jurisdiction to entertain such appeal.

By the sixth section of the judiciary act of March 3, 1891, the judgments or decrees of the Circuit Courts of Appeals are made final in certain classes of cases, and, among others, "in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy, being aliens and citizens of the United States, or citizens of different States." This case confessedly did not belong to either of the other classes, and if it fell within the class just mentioned, this appeal will not lie.

The judicial power extends to controversies between citizens of different States; and between citizens of a State and citizens or subjects of foreign States; but from the judiciary act of 1789 to the act of August 13, 1888, it has been provided in substance, (the differences being immaterial here,) that no Circuit Court shall "have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made." And, to avoid the operation of this limitation, it is necessary in such cases that the record should show that the suit could have been maintained in the Circuit Court in the name of the assignor. *Parker* v. *Ormsby*, 141 U. S. 81.

As this suit stood, after it had been determined that the jurisdiction of the Circuit Court could not be invoked on the ground that the cause of action arose under the Constitution or laws of the United States, the jurisdiction rested on the fact that the complainant was an alien and the defendant a citizen of Louisiana, although, by reason of the restriction, it was also essential that it should appear that complainant's assignors might have brought suit in the Circuit Court if they had not assigned their claims.

But the jurisdiction was none the less dependent on diverse citizenship as between complainant and defendant because it might be defeated if complainant did not bring himself within the restriction. The diverse citizenship of the assignors of the claims was not another ground of jurisdiction than the diverse citizenship of complainant and defendant, and the sixth section, in referring to cases in which the jurisdiction is dependent entirely on diverse citizenship between the opposite parties to the suit or controversy, refers to cases where no other distinct ground of jurisdiction is relied on. It frequently happens that more than one ground is set up as between the same parties, and also separate and different grounds in respect of one or more of several parties. We think the case, within the intent and meaning of that section, clearly belongs to the class in which the judgments and decrees of the Circuit Court of Appeals are made final.

*Appeal dismissed.*

MR. JUSTICE WHITE took no part in the consideration and decision of this case.