## EMSHEIMER v. CITY OF NEW ORLEANS.

### (Circuit Court, E. D. Louisiana. May 11, 1900.)

### No. 12,830.

1. JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—SUIT BY ASSIGNEE.

A circuit court of the United States has jurisdiction of a suit by an assignee to recover the contents of choses in action where at the time of the commencement of the suit the requisite diversity of citizenship exists both between complainant and the defendant and the original payees and defendant; the citizenship of intermediate holders being immaterial.

2. EQUITY JURISDICTION—SUIT BY CREDITOR OF MUNICIPAL CORPORATION—REMEDY AT LAW.

Acts La. 1877, No. 35, which abolished the board of metropolitan police created by Acts 1868, No. 74, did not affect the liability of the city of New Orleans arising out of the apportionment to it by the board of its share of the expense of policing the district, but left it subject to any action against it by creditors of the board which could have been maintained had the board not been abolished; and a federal court of equity cannot entertain a suit by holders of warrants issued by the board to enforce their payment by the city from the fund it was required to raise by taxation under such apportionment, except as ancillary to a judgment at law against the city, and then only with respect to taxes which it is shown to have collected.

In Equity. On demurrer to bill. For opinion of supreme court on certified questions from court of appeals and copy of bill, see 22 Sup. Ct. 770, 46 L. Ed. ——.

J. D. Rouse and William Grant, for complainant.
W. B. Sommerville and Branch K. Miller, for defendant.

PARLANGE, District Judge. The first ground of demurrer, as I understand it, is intended to set out the complaint that the citizenship of the immediate assignors of the complainant, and perhaps the citizenship of all the intermediate assignors, is not set out in the bill. The bill shows that the citizenship of the city of New Orleans and that of the original payees of the warrants was diverse at the time the bill was filed. The bill also shows diverse citizenship as between the complainant and the city of New Orleans at the time the bill was filed. In my opinion, that is sufficient to sustain the jurisdiction as regards citizenship in a suit on an assigned chose in action. I understand that all that is required in this respect is that at the time the suit is filed the citizenship of the original payee must be such as to have enabled

¶ 1. See Courts, vol. 13, Cent. Dig. §§ 867, 868, 872.
  Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

him to sue, and that the citizenship of the party bringing the suit must also be such that he can maintain the suit; and I understand that, in such a case as this, the citizenship of intermediate holders of the chose in action is immaterial, and need not be set out. When we consider what is the sole object of the provision that no suit can be brought on a chose in action unless such suit could have been brought if no assignment had been made (Chase v. Roller-Mills Co. [C. C.] 56 Fed. 625), it seems clear that congress never intended that a chose in action could not be sued on in a federal court unless every person who at any time held the chose in action had the requisite citizenship to sue upon it. Mr. Justice Grier, in Milledollar v. Bell, 2 Wall. Jr. 334, Fed. Cas. No. 9,549, decided very clearly the point here involved, and held that the citizenship of intermediate assignees, holders, and indorsers is not to be considered. He approved Wilson v. Fisher, 1 Baldw. 133, Fed. Cas. No. 17,803, to the same effect. I have been cited to no authority, nor have I been able to discover any, which overrules or differs from Mr. Justice Grier's case just cited. In Mollan v. Torrance, 9 Wheat. 537, 6 L. Ed. 154, and cases similar to it, it is held that an indorsee of a promissory note cannot sue a remote indorser without averring that an intermediate indorser, through whom he traces title, could have maintained the suit in the federal court. It is plain that the suit, in such cases, is not on the note, but on the contract of indorsement, and such authorities, while perfectly sound, do not apply to the case at bar. I am therefore of opinion that the first ground of demurrer has no force, and should be overruled.

The third and fourth grounds of demurrer raise the question whether there is equity in the bill. This cause is substantially the same as that which was brought by H. W. Benjamin against the city of New Orleans, and which was passed upon by the supreme court in 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764, after which decision Benjamin attempted to set out diverse citizenship by an amendment to his bill. After this amendment, I dismissed the bill, because he had not set out the states of which he claimed that the original assignors were citizens, and also because there was no equity in the bill. (C. C.) 71 Fed. 758. The circuit court of appeals sustained my decision in dismissing the bill because the diverse citizenship had not been made to properly appear, but said that dismissing the bill also for want of equity was superfluous, since the circuit court had no jurisdiction whatever of the parties. 20 C. C. A. 591, 74 Fed. 417. From this decision of the circuit court of appeals an appeal was taken by. Benjamin to the supreme court, which court dismissed the appeal, on the ground that the decision of the circuit court of appeals was final. 169 U. S. 161, 18 Sup. Ct. 298, 42 L. Ed. 700. I have again carefully considered the opinion of the supreme court in City of New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764, and I am fully confirmed in my conviction that the supreme court has decided that that suit was not one of equity cognizance. It is perfectly plain to me that the complainant can bring a suit at law against the city of New Orleans, and that the abolition of the police board and "the act of 1877 left the city of New Orleans to respond as before" to the creditors, and the remedies to which they

could "resort were quite as efficient as they ever had been." See specially City of New Orleans v. Benjamin, at page 429, 153 U. S., and page 911, 14 Sup. Ct., 38 L. Ed. 764. This was not a case where the assets of a dissolved corporation must, ex necessitate, be placed in the hands of a receiver. The supreme court, as I understand its opinion, shows that the act abolishing the police board was "essentially a mere change of an instrumentality of municipal government. It abolished the police organization established in 1868, and vested in the city the function of maintaining its own police. The legislation was not in contravention of the constitution of the United States, and was enacted in the exercise of the undisputed power of the state in that regard. In making the change, no obligation rested on the state to create an independent and corporate successor of the board, or to provide for the application of its assets to the payment of its debts, if existing laws were ample to effect that purpose. In that view, the city of New Orleans remained for all purposes, so far as creditors were concerned, the representative of the board, and if the city were under a liability to pay the apportionments in cash, it was not absolved from that liability by the dissolution of the board." I do not see how plainer language could have been used by the supreme court to show that the creditors have their action at law against the city, notwithstanding the act of 1877, and that, therefore, no bill in equity will lie, except as an ancillary measure, after judgments at law have been obtained.

It is urged upon me that this court has in City of New Orleans v. Fisher affirmed by the circuit court of appeals in 34 C. C. A. 15, 91 Fed. 574–582, allowed the relief which the complainant in this case asks for. But this contention is clearly erroneous. In the Fisher Case, judgments at law were first obtained against the city, and the claim involved was for moneys actually collected, received, and retained by the city, which moneys should have gone towards the payment of the warrants held by the judgment creditors. To bring himself within the Fisher Case, the complainant in the case at bar should first obtain judgments at law against the city, and if he can show that the city collected and retained moneys to which he is entitled as holder of the warrants he has sued upon, it would seem clear that he should have the same relief which was given Mrs. Fisher. It should be specially noticed that the complainant in the cause at bar calls, not only for an accounting of, and a decree for, taxes collected by the city on levies for police purposes, but also prays that the city be condemned to pay, with interest, the uncollected levies and assessments of such taxes which have been apportioned to the city. As to the claim for levies and assessments, it is perfectly clear to me from the opinion in City of New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764, that the supreme court was of opinion that such a claim cannot be maintained. It is well settled that a federal court, after the repeal of a tax law, cannot reach through a receiver taxes levied, but not collected. It is also well settled that taxes are not "debts" to which the creditors of a municipal corporation have a vested right. Broughton v. Pensacola, 93 U. S. 266, 23 L. Ed. 896; Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197.

I am clearly of opinion that the bill must be dismissed for want of equity, without prejudice to complainant's right to proceed at law.

Let the following order be entered: It is ordered that the defendant's first ground of demurrer be, and the same is hereby, overruled; the court finding and decreeing that the allegation of the citizenship of the complainant, of the original payees, and of the city of New Orleans is fully sufficient. It is further ordered that defendant's third and fourth grounds of demurrer are hereby sustained; the court finding and decreeing that there is no equity in the bill of complaint herein, and said bill is therefore dismissed for want of equity, with full reservation of complainant's right to sue and proceed at law.