## JONES v. ADAMS EXPRESS CO.

### (Circuit Court, E. D. Kentucky. February 27, 1904.)

#### No. 429.

1. REMOVAL OF CAUSES—SUFFICIENCY OF PETITION—ALLEGING DIVERSITY OF
   CITIZENSHIP.

   The fact that there are a large number of parties plaintiff or defend-
   ant does not take a case out of the well-settled rule that, in order to
   show the jurisdiction of the federal court on removal the petition there-
   for must allege the citizenship of each party. It is not sufficient to
   allege a diversity of citizenship in general terms.

On Motion to Set Aside Order Overruling Motion to Remand to
State Court.

Morton, Webb & Wilson, for plaintiff.
Breckinridge & Shelby, for defendant.

COCHRAN, District Judge. It is well settled that a party bring-
ing a suit in a federal court or seeking to remove one brought in a
state court thereto must show affirmatively in his petition or bill in
the one case and in his petition for removal in the other case that
the federal court has jurisdiction thereof by alleging the facts essen-
tial to give it jurisdiction. If he does not show this, his petition or
bill in the one case will be dismissed, or the cause in the other case
will be remanded to the state court, and that by the court upon its
own motion upon becoming aware of the failure to show jurisdic-
tion. It is also well settled that if the ground of federal jurisdiction
relied on is that of diversity of citizenship, the party suing or remov-
ing must allege not simply that the parties are citizens of different
states, but the states of which they are citizens. In the case of Cam-
eron v. Hodges, 127 U. S. 325, 8 Sup. Ct. 1155, 32 L. Ed. 132, Mr.
Justice Miller said:

"This court has always been particular in requiring a distinct statement of
the citizenship of the parties and of the particular state in which it is claimed,
in order to sustain the jurisdiction."

In the case of Benjamin v. City of New Orleans, 74 Fed. 417, 20
C. C. A. 591, it was held that a bill filed in the United States Circuit
Court of Louisiana by the assignee of certain claims against the city
of New Orleans, which alleged that each of the assignors of said
claims were "citizens, respectively, of states other than the state of
Louisiana," was properly dismissed because it did not set forth the
states of which said assignors were citizens. Judge Speer said:

"The defendant is entitled to actual and definite notice in the plaintiff's
pleading of the citizenship or alleged citizenship of each assignor. No fact in
the pleading of the plaintiff in these courts can be more material, for the au-
thority of the court to act depends upon it. It was not sufficient, then, to say
that the assignors were 'citizens, respectively, of states other than Louisiana,

¶ 1. Averments of citizenship to show jurisdiction in federal courts, see
note to Ship v. Williams, 10 C. C. A. 261.

See Removal of Causes, vol. 42, Cent. Dig. §§ 170, 172, 173.

and competent, as such citizens, to maintain suit in this court.' Jurisdiction cannot be inferentially averred."

The general allegation of diversity of citizenship is not sufficient to give the federal court jurisdiction, in the absence of a motion to make it more specific. It is simply sufficient to permit an amendment making it more specific. This was all that was decided in the case of Stadlemann v. White Line T. Co. (C. C.) 92 Fed. 209. If an amendment had not been offered in that case, making the petition for removal specific by alleging the particular state of which the plaintiff in the action was a citizen, the motion to remand would have been sustained. So far there can be no question as to the correctness of the positions taken.

The question which this case presents is whether the numerousness of the parties plaintiff or defendant makes any difference. It is alleged in the petition for removal that the petitioner and defendants in the action are more than 3,000 in number. The plaintiff had a right to sue them all. Under the decision in the case of Adams Express Co. v. Schofield (Ky.) 64 S. W. 903, 23 Ky. Law Rep. 1120, he had a right to sue them under the name of Adams Express Company, and the cause was not removable unless all of them were citizens of states other than Kentucky. The defendants claim that to compel them to set out the states of which each of them are citizens will be a hardship on them, and a practical denial of the right to come into the federal court. Is the fact of the numerousness of the petitioners and the hardship that it will be upon them to require them to make their petition for removal more specific sufficient reason for this court taking jurisdiction of this cause, nothing else appearing than what is alleged in the petition for removal? Two reasons occur to me why, in a case of this kind, it is not sufficient reason. It will simply postpone the hardship to a later stage of the proceeding. It will certainly be imposed upon them by a denial of the general allegation as to the citizenship of the petitioners. The other is that it takes from the petitioners the burden of showing that this court had jurisdiction, and imposes on defendant to the removal the burden of showing that it has not jurisdiction, thereof. Certain advantages accrue to defendants by so many of them being able to do business together without incorporation. If it were not so, they would not transact business in this way. Certain disadvantages grow out of it also. They should take the disadvantages with the advantages— the bitter with the sweet. I think the fair inference from the decisions in the cases of Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. 426, 32 L. Ed. 800, Great So. F. P. H. Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 482, is that the numerousness of parties plaintiff or defendant is not sufficient to take a case out of the well-settled rules heretofore stated.

I think, therefore, that I erred in overruling the motion to remand. The order overruling it will therefore be set aside. The petitioners may file an amendment setting forth the states of which each of them is a citizen, if they so desire; otherwise the motion to remand will be sustained.