HOLTON v. HELVETIA-SWISS FIRE INS. CO. OF ST. GALL, SWITZERLAND.

(Circuit Court, E. D. New York. August 4, 1908.)

REMOVAL OF CAUSES—PETITION FOR REMOVAL—JURISDICTIONAL AVERMENTS.
    A petition for removal filed by an alien, which alleges positively that plaintiff is a citizen of one of the states of the United States, and on information and belief that he is a citizen and resident of the district, is sufficient to give the federal court jurisdiction on the face of the record.

On Motion to Remand to State Court.

Wendell P. Barker, for plaintiff.

Wallace, Butler, & Brown (Charles M. Turrell, of counsel), for defendant.

CHATFIELD, District Judge. The plaintiff brought an action in the Supreme Court of Kings county against the defendant, which is stated in the summons to be a corporation of St. Gall, Switzerland. This summons, with notice, was served, under the laws of the state of New York, upon Hon. Otto Kelsey, Superintendent of Insurance, and the defendant, having appeared specially, demanded a copy of the complaint. Subsequently, this appearance having been set aside by the state court, a general appearance was entered, and before the time to serve the complaint had expired discovery and the inspection of a contract between the defendant and the Rhine & Moselle Fire Insurance Company of Strasburg, Germany, was ordered. This order also directed the deposit of the contract with the clerk of Kings county for inspection, and an appeal was taken from said order, on which appeal the order was affirmed and the deposit of the contract directed made within 30 days.

The defendant thereupon removed the case to this court, upon a petition containing a statement that the plaintiff "at the time of the commencement of said suit was, and still is, a citizen of a state of the United States, to wit, as your petitioner is informed and believes, a citizen of the state of New York, residing in the Eastern district thereof," and that the defendant "at the time of the commencement of said suit was, and still is, a citizen of a foreign state, to wit, a citizen of the republic of Switzerland." The petition further alleges that the assignor of the plaintiff (the plaintiff being alleged to claim under assignment of a chose in action) "was at the time of the commencement of this suit, and still is, a citizen of a state of the United States, to wit, as your petitioner is informed and believes, a citizen and a resident of the state of California."

The motion to remand has been made upon the ground that the removal record does not show that the plaintiff nor the plaintiff's assignor is a citizen of the United States, as required by Act March 3, 1887, c. 373, § 1, 24 Stat. 552, as amended by Act August 13, 1888, c. 866, § 1, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508).

The defendant contends that the doctrine set forth by Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, has been amended or overruled by the cases of In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, and Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101, so as to make it the law of the United States, under the sections of the statute above quoted, that United States courts have jurisdiction over all actions between an alien and citizens of the states, and that an action can properly be removed into the district containing the place where the action was instituted, and that the strict construction of the statute with relation to removals, as interpreted by this court in the case of Tierney v. Helvetia-Swiss Fire

Insurance Company (March 5, 1908) 163 Fed. 82, has been expressly overruled. Be this as it may, that question need not be considered. This motion must rest on whether the allegations of the removal record are sufficient, and if they are ambiguous or lacking in some statement which the record shows could be supplied, under the doctrine in the case of Kinney v. Columbia Savings, etc., Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, whether amendment can be made.

The plaintiff has cited the cases of Wolff v. Archibald (C. C.) 14 Fed. 369, Jones v. Adams Express Co. (C. C.) 129 Fed. 618, and Thompson v. Stalmann (C. C.) 131 Fed. 809, to support his contention that a statement of residence upon information and belief is insufficient, unless facts are shown by which that statement can be substantiated. In the present record of removal the verification of the petition may have been unnecessary. Street Railway Co. v. Hart, 114 U. S. 660, 5 Sup. Ct. 1127, 29 L. Ed. 226; Removal Cases, 115 U. S. 17, 5 Sup. Ct. 1113, 29 L. Ed. 319. But if the necessary allegation of residence were not contained in the petition and there were no verification, or if a verification be added and no sufficient allegations are contained therein, it is immaterial whether the verification be necessary or not.

The question of alleging citizenship upon information and belief is set forth at length and with great clearness in the case of City of Detroit v. Detroit City Railway (C. C.) 54 Fed. 1, wherein Judge Taft says that the petition for removal is in the nature of an interlocutory motion, and that by the practice of the High Court of Chancery of England, which by equity rule 90 regulates the equity practice of the Circuit Courts in this country, so far as its rules may be applicable, parties were permitted "to submit at the hearing of interlocutory motions affidavits on belief, provided that the facts were stated upon which such belief was founded." The statement of facts showing jurisdiction has always been held necessary. Brown v. Keene, 18 Pet. 115, 8 L. Ed. 885; Martin v. Baltimore & Ohio Railroad, 151 U. S. 691, 14 Sup. Ct. 533, 38 L. Ed. 311; and many other cases.

On the present application the allegation upon information and belief, and the verification, fail to show facts from which the conclusion of the petitioner that the plaintiff and the plaintiff's assignor are citizens can be satisfactorily inferred, and if these allegations stood alone the motion to remand would be granted. But the petitioner has sworn, not on information and belief, but as a matter of positive statement, that the plaintiff and the plaintiff's assignors are both citizens of the United States. The statement upon information and belief is with relation to the particular state of which those parties are citizens, and under the doctrine of the case of Western Loan & Savings Co. v. Butte & Boston Consolidated Mining Co., supra, the federal courts could have jurisdiction; and the Circuit Court of the United States in this particular district, being the district within which the action in the state court was brought, would therefore have jurisdiction upon removal, and the papers upon which the removal was had would therefore seem to be sufficient.

If it should affirmatively appear subsequently that the United States courts had no jurisdiction, the case must then be remanded, under

the provisions of section 2 of the act of March 3, 1887, as amended by the act of August 13, 1888; but upon the present record the motion to remand must be denied.