## CANAL AND CLAIBORNE STREETS RAILROAD COMPANY, Garnishee, v. HART.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Argued April 24, 1885.—Decided May 4, 1885.

A suit was commenced in a State court, November 4th, as No. 4,414. A petition by the plaintiff, to remove it into the Circuit Court of the United States, was filed the next day, entitled in the suit as No. 4,414, signed by his attorneys, not sworn to, referring to the suit as commenced, and asking for a removal under subdivision 3 of § 639 of the Revised Statutes, and stating facts showing a right to a removal not only under that subdivision, but also under § 2 of the act of March 3, 1875, 18 Stat. 470, and accompanied by an affidavit, made by the plaintiff eleven days before, stating that "he is the plaintiff" in the suit, as No. 4,414, and giving its title, and the name of the court, and alleging "that he has reason to believe, and does believe, that, from prejudice and local influence, he will not be able to obtain justice in said State court." The State court ordered the cause to be removed, and the Circuit Court refused, on motion of the defendant, to remand it : *Held*,

(1.) The affidavit was sufficient for a removal under subdivision 3 of § 639 ;

(2.) The petition made out a case for a removal under the act of 1875 ;

(3.) The absence of an oath to the petition was, at most, only an informality, which the defendant waived by not taking the objection on the motion to remand.

H., having obtained a money judgment against the City of New Orleans, in the Circuit Court of the United States for the Eastern District of Louisiana, filed in that court a supplemental petition and interrogatories, in accordance with the second paragraph of Article 246 of the Code of Practice of Louisiana, added by the act of March 30, 1839, against a street railroad corporation, as a debtor to the city, praying that it be cited, as garnishee, and answer the interrogatories, and pay the judgment. The corporation was cited to answer, and did so, to the effect that it owed nothing to the city but some taxes. H. filed a traverse to the answers, in law and in fact, and it was tried before a jury, which found a verdict for the plaintiff, for a sum of money, on which judgment was rendered. Before it was signed, the corporation moved to expunge it and to arrest it, for specified reasons. The motion was overruled, a bill of exceptions was taken thereto, and judgment was signed. No bill of exceptions was taken in regard to the trial : *Held*, that the motion in arrest had no more effect than a motion for a new trial, and could not be reviewed on a writ of error.

The garnishment proceedings were warranted by § 916 of the Revised Statutes, being authorized by laws of Louisiana in force when § 916 (formerly § 6 of the act of June 1, 1872, chap. 255, 17 Stat. 197) was enacted.

The remedies supplementary to judgment, adopted by § 916, were those then provided by the laws of Louisiana in regard to judgments in suits of a like nature or class, and not the provisions of the act of the Legislature of Louisiana, passed March 17, 1870 (Sess. Laws of 1870, Extra Session.. Act No. 5, p. 10), in regard to judgments against the City of New Orleans.

Questions not raised on the trial before the jury, and saved by a bill of exceptions, cannot be considered by this court, on a writ of error.

The facts which make the case are stated in the opinion of the court.

*Mr. James R. Beckwith* for plaintiff in error, submitted on his brief.

*Mr. E. H. Farrar* (*Mr. E. Howard McCaleb* was with him) for defendant in error.

Mr. Justice BLATCHFORD delivered the opinion of the court.

On the 3d of March, 1882, Judah Hart obtained a judgment, in the Circuit Court of the United States for the Eastern District of Louisiana, against the City of New Orleans, for $121,-697.18, with 5 per cent. per annum interest thereon until paid, and costs, in a suit commenced by him in the Civil District Court for the Parish of Orleans, and State of Louisiana, against the city, to recover the amount of sundry debts due by the city, for labor done, services rendered, and materials furnished, which debts the creditors had assigned to him. The suit was removed into the Circuit Court of the United States by the plaintiff, and a motion made to that court to remand it was denied.

On March 15, 1882, the plaintiff filed in the Circuit Court a supplemental petition and interrogatories, in accordance with the second paragraph of Article 246 of the Code of Practice of Louisiana, added by the act of March 30, 1839, averring that he had issued a writ of *fi. fa.* in the suit, and, having reason to believe that the Canal and Claiborne Streets Railroad Company, a corporation organized under the laws of Louisiana, was indebted to the defendant in execution, or had property or effects in possession or under control, belonging to said debtor, he had caused the seizure to be made in the hands of said third

person, and prayed that it be cited and ordered to answer, under oath, the annexed interrogatories, and, after due proceedings, be condemned to pay the amount of the judgment and costs. The interrogatories, three in number, enquired in various forms as to whether the corporation was indebted to the city or had any of its property. The court made an order that the corporation be made a garnishee, and be cited to answer the interrogatories, under oath. A citation was issued by the court and served on the corporation, requiring it to declare, on oath, what property or effects belonging to the city it had in its possession or under its control, or in what sum it was indebted to the city, and also to answer the interrogatories in writing, under oath, within 10 days after service of the citation, and stating that otherwise judgment would be entered against it for the amount claimed by the plaintiff, with interest and costs. It was also served with copies of the petition, interrogatories and order of court, and with "notices of garnishee."

On the 25th of March, 1882, the corporation, without filing any exception, plea or demurrer, filed the following answer, entitled in the suit against the city:

"The Canal and Claiborne Streets Railroad Company, made garnishee herein, now comes into court, and for answer to the interrogatories propounded, by and through its president, E. J. Hart, says:

To 1st interrogatory. No; except taxes of the year 1882.
To 2d interrogatory. No; except taxes of the year 1882.
To 3d interrogatory. No.

And for a full and correct statement of the facts upon which the above answers are made, respondent, further answering, says, that the privilege of the right of way of the said Canal and Claiborne Streets Railroad Company was granted for and in consideration of a bonus of two-sixteenths of a cent per passenger, payable monthly; the rate of fare is five cents per passenger; that the total receipts of the company from 1st March, 1870, to 15th March, 1882, are:

For the year 1870 .....................  $118,515 20
  "    "    "   1871 .....................  152,098 75
  "    "    "   1872 .....................  144,373 05
  "    "    "   1873 .....................  136,656 60
  "    "    "   1874 .....................  115,625 40
  "    "    "   1875 .....................  100,095 95
  "    "    "   1876 .....................   96,101 60
  "    "    "   1877 .....................   89,701 90
  "    "    "   1878 .....................   90,205 20
  "    "    "   1879 .....................   89,267 25
  "    "    "   1880 .....................   95,269 45
  "    "    "   1881 .....................   98,591 70
  "    "    "   1882 .....................   20,889 60

$1,347,391 65

Your respondent further says, that the receipts from the 15th March, 1872, to the 15th March, 1882, amount to the sum of $1,046,918.

Your respondent, further answering, says, that he is informed, and believes, that the bonus was in lieu and place of the license; that the city could not claim both; that it has ceased to demand the bonus, but has imposed a license on the company, and the company has paid the same in 1880, based on the receipts of 1879; in 1881, based on the receipts of 1880; and in 1882, based on the receipts of 1881, viz, $375 each year, making in all $1,125, thereby releasing the company from any obligation to pay any bonus for said year. And respondent further says, that he is informed and believes that any claim for the bonus based on the receipts of preceding years is prescribed.

Respondent further swears, that the said Canal and Claiborne Streets Railroad Company has already been garnisheed in the suits of Myra Clark Gaines, Samuel Smith, *Subrogee* v. *City of New Orleans*, No. 2,695 of the U. S. Circuit Court, and of *Charles Parsons* v. *City of New Orleans*, No. 8,088 of same court, and that, should judgments be rendered against said company, they will amount to more than the company can in any event owe.

Respondent further says, that the company has claims against the City of New Orleans for damages caused by overflows in 1869, 1871, and 1881, and against which it should have been protected by the city; and that the amount due for said damages exceeds any amount which would be due for the bonus, if any was due. For this and other reasons the city has not required the bonus."

On March 30, 1882, the plaintiff, according to the practice in Louisiana, filed a traverse of the answers, and the court made an order, which set forth that, on motion of the plaintiff, and on suggesting to the court that the answers were false, and that the corporation was indebted to the city in larger sums than stated in the answers, and that the plaintiff traversed the answers, in law and in fact, it was ordered that the corporation show cause, on April 5, 1882, why the interrogatories should not be taken for confessed, and why judgment should not be rendered against it for the amount of the plaintiff's claim, with interest and costs. On March 31, 1882, a copy of this order was served on the corporation.

On the 5th of April, 1882, a stipulation in writing between the plaintiff and the city was filed, agreeing that all sums paid by the corporation should be deposited in the registry of the court, to await the decision whether the money was subject to seizure under the plaintiff's execution.

On the same day, the traverse to the answer came on for trial before a jury. The record states, that, "after hearing the pleadings, the evidence and arguments of counsel, and receiving a charge from the court," the jury found a verdict for the plaintiff against the corporation, as garnishee, "for the following sums," naming thirteen several sums, with interest on each, at 5 per cent. per annum, from a specified date, being a total of $33,684.74, "with interest on the various sums from dates as above stated, until payment." On this verdict, and in accordance with it, a judgment was, on the same day rendered, that the corporation, garnishee, be condemned to pay to the plaintiff $33,684.74, with interest at the rate of 5 per cent. per annum "on the following sums, from the following dates," specifying as in the verdict, until paid, with costs; and ordering

that the amount, with interest, be deposited in the registry of the court, subject to the terms of the foregoing stipulation. The judgment was, on the 19th of April, 1882, amended *nunc pro tunc*, so as to order that the garnishee pay that amount, with interest, into the registry of the court, "subject to the rights of all parties concerned." The entire judgment was signed April 26, 1882.

The corporation made a motion for a new trial, which was refused on April 21, 1882. It also filed and made a motion, that the proposed judgment written up on the minutes and record, against it, as garnishee, be expunged therefrom, and be never signed and made operative, and that any judgment by reason of the verdict be arrested, for ten specified reasons. This motion was overruled on April 26, 1882, and then the judgment was signed. To reverse this judgment the corporation has brought a writ of error.

The record contains a bill of exceptions, which states that, at the same term at which all the foregoing proceedings took place, and before any final judgment against the corporation, as garnishee, had been signed and become final, the corporation made the motion in writing for arrest of the judgment, and both parties appeared, and the court overruled and refused the motion, and the corporation excepted to the ruling and judgment of the court in that particular.

It is assigned for error, that the Circuit Court never acquired jurisdiction of the original suit against the city. The petition by which the original suit was commenced in the State court was filed November 4, 1881, and is marked No. 4,414. The citation was issued and served on the city on that day. The plaintiff's petition for removal is entitled in the suit as No. 4,414. It was filed November 5, 1881, and is signed by the attorneys for the plaintiff, and states that the suit was commenced about November ., 1881; "that your petitioner was, at the time of bringing said suit, and is now, a citizen of the State of New York, and a resident thereof;" and "that there is, and was at the time said suit was brought, a controversy therein between your petitioner, and the said defendant, the City of New Orleans, who is a citizen of the State of Louis-

iana, and a resident thereof." It also states that the removal is desired "in pursuance of the Act of Congress in that behalf provided, to wit, the Revised Statutes of the United States, § 639, subdivision 3;" and that the petitioner "has filed the affidavit required by the statute in such cases." The petition was accompanied by an affidavit, filed therewith, sworn to by the petitioner, in the City of New York, before a Commissioner for Louisiana, on the 25th of October, 1881, in which the petitioner stated that "he is the plaintiff in the case of *Judah Hart* v. *The City of New Orleans*, No. 4,414, Civil District Court, Parish of Orleans, State of Louisiana, and that he has reason to believe, and does believe, that, from prejudice and local influence, he will not be able to obtain justice in said State court." The State court, on consideration of the petition, affidavit and bond, made an order removing the cause. In the motion to remand the cause, made in the Circuit Court, by the city, one of the grounds of the motion, which was overruled, was, that there was no legal affidavit, because the suit named in it was filed ten days after the affidavit was made. This ground is urged here, but we do not regard it as of any force. The affidavit sufficiently identified the suit, and was, in this case, as effective for the purposes of the statute as if made after the suit was brought. Besides, the petition for removal made out a case for removal under § 2 of the act of March 3, 1875, 18 Stat. 470; and the reference to the prior statute did not impair the efficacy of the facts. *Removal Cases*, 100 U. S. 457, 471. The absence of an oath to the petition was, at most, only an informality, which could be and was waived by the city. It made no such objection in its motion to remand. This view is in accordance with the ruling in *Ayers* v. *Watson*, 113 U. S. 594, 598, as to modal and formal matters, under § 3 of the act. We have considered the question of removal because it goes to the jurisdiction of the Circuit Court, and is raised for our consideration by the record.

The verdict of the jury on the trial of the traverse to the answer was rendered April 5, 1882. No bill of exceptions was taken at the trial. The motion to expunge the proposed judgment, and to arrest any judgment on the verdict, was not

filed till April 21, 1882, and had no more effect than a motion for a new trial, and, therefore, under our settled practice, cannot be reviewed here, on this writ of error, although there is a bill of exceptions in regard to it.

It is contended that when the *fi. fa.* was issued against the city there was no law under which a *fi. fa.* could issue against the city. This point was not taken in the court below. It does not appear in the motion in arrest of judgment, or in the bill of exceptions, or in the assignment of errors accompanying the writ of error. It was a point which should have been raised and saved when the traverse to the answer was tried before the jury. But this was not done. Still, as the garnishment proceedings were based on the *fi. fa.*, it is proper to say, that the proceedings in the case were warranted by § 916 of the Revised Statutes, which provides as follows: "The party recovering a judgment in any common law cause, in any Circuit or District Court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the State in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such Circuit or District Court; and such courts may, from time to time, by general rules, adopt such State laws as may hereafter be in force in such State in relation to remedies upon judgments, as aforesaid, by execution or otherwise." That section of the statute was considered by this court, in *Ex parte Boyd*, 105 U. S. 647, and was held to apply to proceedings supplementary to execution, to examine the judgment debtor in regard to his property, under a judgment rendered in a common law cause. We are also of opinion that it covers the proceedings had in this case to reach the property of the city. Those proceedings were authorized by laws of the State of Louisiana in force when § 6 of the act of June 1, 1872, ch. 255, 17 Stat. 197, now § 916 of the Revised Statutes, was enacted.

It is urged that, by § 2 of the act of the Legislature of Louisiana, passed March 17, 1870, Sess. Laws of 1870, Extra Session, Act No. 5, p. 10, it was made unlawful to issue any

writ of execution or *fieri facias*, from any of the courts in Louisiana, against the City of New Orleans, to enforce the payment of any judgment for money against that city. But we are of opinion that the provisions of that special act, in reference to judgments against the City of New Orleans, were not adopted by § 916. The meaning of that section is, that the remedies, by execution or otherwise, on a judgment in a common law cause, in a Circuit Court, shall be the same as were then provided by the laws of the State in respect to judgments in suits of a like nature or class. "Like causes" is the expression. By Article 641 of the Code of Practice of Louisiana, it was and is provided, that, "when the judgment orders the.payment of a sum of money, the party in whose favor it is rendered may apply to the clerk and obtain from him a writ of *fieri facias* against the property of his debtor." It is this provision, and the garnishee proceedings consequent upon it, provided by the laws of Louisiana, in respect to judgments generally, of a like nature or class with those in the present case, which the act of Congress adopted as remedies for the judgment creditor, in a common law cause, in the Circuit Court. And such has been the uniform ruling in the Circuit Court at New Orleans. *New Orleans* v. *Morris*, 3 Woods, 115; *Hart* v. *New Orleans*, 12 Fed. Rep. 292; *New Orleans* v. *Pickles*, decided by Mr. Justice Woods, in 1879, unreported. The exceptior made by the State as to the City of New Orleans may be of force as to suits in the courts of the State, but it is not an exception which operates *proprio vigore* in the Circuit Court.

The other assignments of error seek to raise various questions: that the debt of the corporation to the city was part of its public revenues, and not subject to seizure or levy; that the city was not made a party to the garnishee proceedings; that the supplemental petition does not show that the debt to the city is not public property; that there was no issue raised to be tried by a jury; that the character and origin of the indebtedness of the corporation to the city were not shown to be such as would support the judgment against the corporation; and that the interest included in the verdict was improperly

allowed and erroneously computed. These questions not having been raised on the trial before the jury, and saved by a bill of exceptions, cannot be considered by this court on a writ of error.

The proceedings of record appear to have been entirely regular, and in accordance with the statutes and practice of Louisiana.

*Judgment affirmed.*