ANDREWS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 12, 1915.)

No. 2508.

1. CRIMINAL LAW ⬦⇒1149—APPEAL—REVIEW—DISCRETIONARY MATTERS.

The trial court, in ruling upon an application by the defendants in a criminal case for permission to withdraw their plea of not guilty for the purpose of demurring to the indictment, exercises a discretion, and its ruling is not reviewable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3039–3043, 3058; Dec. Dig. ⬦⇒1149.]

2. CRIMINAL LAW ⬦⇒901—MOTION FOR DIRECTED VERDICT—WAIVER.

A motion at the close of the government's testimony that the jury be instructed to acquit defendants on the ground that the prosecution had not made a prima facie case was waived by defendants by thereafter introducing testimony.in their defense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2124; Dec. Dig. ⬦⇒901.]

3. CRIMINAL LAW ⬦⇒1156—APPEAL—REVIEW—MOTION FOR NEW TRIAL.

The denial of.a new trial in a criminal case is not assignable as error, though affidavits of newly discovered evidence are filed in support of the motion for a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. ⬦⇒1156.]

4. CRIMINAL LAW ⬦⇒1147—APPEAL—REVIEW—MOTION IN ARREST OF JUDGMENT.

A motion in arrest of judgment has no more effect than a motion for a new trial, and cannot be reviewed on a writ of error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3038, 3072, 3073; Dec. Dig. ⬦⇒1147.]

5. CRIMINAL LAW ⬦⇒1056—APPEAL—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Alleged error in an instruction.will not be reviewed, where no exception is taken.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2668, 2670; Dec. Dig. ⬦⇒1056.]

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Thomas Andrews, alias Thomas J. Murphy, and others, were convicted of conspiring to commit a crime against the United States, and they bring error. Affirmed.

Wm. F. Rose. and Bruce Glidden, both of San Francisco, Cal., for plaintiffs in error.

John W. Preston, U. S. Atty., of San Francisco, Cal.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiffs in error were convicted and sentenced upon two counts of an indictment, the first of which charged them with conspiring to commit a crime against the United

States by importing opium from Mexico into the United States, and the second charged them with conspiring together for the purpose of unlawfully transporting and concealing contraband opium theretofore unlawfully brought into the United States from Mexico.

[1] There are five assignments of error, the first of which is that the trial court erred in overruling the motion of the plaintiffs in error, made prior to the trial, for permission to withdraw their pleas of not guilty for the purpose of interposing a demurrer to the indictment. In ruling upon that motion, the court exercised a discretion which was vested in it, and its ruling is not reviewable here. 12 Cyc. 896; United States v. London (D. C.) 176 Fed. 976; United States v. Lewis (D. C.) 192 Fed. 633.

[2] Error is assigned to the denial of the motion of plaintiffs in error, which it is said "was made at the close of the case," for an instruction to the jury to acquit the plaintiffs in error, and to the refusal to permit counsel to argue the motion. The record shows, however, that no such motion was made at the close of the case. The motion was made, at the close of the testimony for the government, that the jury be instructed to acquit the plaintiffs in error, for the reason that the prosecution had not established a prima facie case. That motion was waived by the act of the plaintiffs in error in thereafter introducing testimony in their defense. Notwithstanding the failure of the plaintiffs in error to request such instruction at the close of all the testimony, we have examined the testimony, and are convinced that it fully sustains the verdict.

[3] The ruling of the court below in denying the motion of the plaintiffs in error for a new trial is not assignable as error. Pickett v. United States, 216 U. S. 456, 30 Sup. Ct. 265, 54 L. Ed. 566. The fact that affidavits of newly discovered evidence were filed in support of the motion creates no exception to the thoroughly established rule. Holmgren v. United States, 156 Fed. 439, 84 C. C. A. 301, affirmed in Holmgren v. United States, 217 U. S. 509, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Mitchell v. United States, 196 Fed. 874, 116 C. C. A. 436.

[4] Error is assigned to the denial of the motion of plaintiffs in error in arrest of judgment. In Street Railroad Co. v. Hart, 114 U. S. 654, 5 Sup. Ct. 1127, 29 L. Ed. 226, the court said that such a motion "had no more effect than a motion for a new trial, and therefore, under our settled practice, cannot be reviewed here on this writ of error."

[5] Error is assigned to a portion of the charge in which the court quoted to the jury the provisions of Act Feb. 9, 1909, c. 100, 35 Stat. 614 (Comp. St. 1913, §§ 8800, 8801), which makes it unlawful to import into the United States opium in any form. It is not shown how the instruction could possibly have prejudiced the rights of the plaintiffs in error; but it is unnecessary to discuss the question, for the reason that no exception was taken to that or any other portion of the instruction.

We find no error. The judgment is affirmed.