### BEYER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1918.)

No. 3106.

1. PROSTITUTION ⬤⟳1—WHITE SLAVE ACT—OFFENSES.

The transportation of women from the United States to Mexico, to dance as entertainers in a resort where liquor was sold and other women engaged in prostitution, is a violation of the White Slave Act (Comp. St. 1916, §§ 8812–8819), though the contract with the entertainers specifically provided that they should not engage in prostitution.

2. CRIMINAL LAW ⬤⟳1023(8)—ERROR—DENIAL OF MOTION IN ARREST.

In a prosecution in a federal court, the denial of a motion in arrest of judgment is not assignable as error.

3. CRIMINAL LAW ⬤⟳1059(2)—INSTRUCTIONS—OBJECTIONS.

Where exceptions to each and every instruction offered on behalf of the prosecution did not show what instructions were given, and if deemed to apply to those given failed to draw the attention of the court to the particular portions objected to, such exceptions raised no question for review.

4. CRIMINAL LAW ⬤⟳762(3)—INSTRUCTIONS—OPINION AS TO EVIDENCE.

In a prosecution for violation of the White Slave Act (Comp. St. 1916, §§ 8812–8819), the expression of the court's opinion as to the evidence was permissible; the jury being further charged that they were not bound by the court's opinion.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benj. F. Bledsoe, Judge.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frank Beyer was convicted of a conspiracy to transport females from the United States to Mexico for the purpose of debauchery, in violation of the White Slave Act, and he brings error. Affirmed.

The plaintiff in error was convicted under an indictment charging that he, with certain others, conspired to transport women and girls from the United States to Mexico for the purpose of debauchery. The evidence was that the defendants were conducting a bar, a gambling hall, a dance hall, and a house of prostitution in a building in Mexicali, Mexico, and that they hired several women and girls at Los Angeles to go to their establishment in Mexicali to act as entertainers, and furnished transportation for some of them. The duties of the entertainers were to sing and dance, and to dance with the male habitués of the place, and although there was no evidence that the entertainers were to sell liquor, there was evidence that they did in fact invite men to dance, and that the men knew that "if they danced they had to buy a drink." The girls were to derive a profit of from 40 to 50 per cent. of the selling price of the liquors sold. Back of the dance floor was a hall. The first door leading from the hall was a dressing room for the entertainers. Beyond, on both sides of the hall, were rooms occupied by prostitutes. The prostitutes were permitted upon the dance floor and in the café and at the bar. The entertainers were bound by contracts not to engage in prostitution, and they were instructed that, if men should approach them and make improper suggestions to them, they were to say that they were not there for that purpose, but that there were others there.

Earl Rogers, Milton M. Cohen, Jerome S. Kahn, O. G. Kuklinski, and Charles Scholz, all of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Clyde R. Moody, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is contended that the indictment is insufficient for its failure to set forth particulars and specify acts which bring the plaintiff in error within the purview of the statute, and that it is not sufficient to charge the offense in the language of the statute. But the indictment goes further than the language of the statute. It sets forth in sufficient detail the features of the offense, the manner in which the business of the accused was to be conducted, and the facts and circumstances showing that the women and girls were to be transported for the purpose of sexual debauchery. It is difficult to perceive how further details could have been set forth for the information of the accused. The indictment is no less specific than the indictment which we sustained in Simpson v. United States, 245 Fed. 278, 157 C. C. A. 470.

It is contended that neither the acts charged to have been contemplated by the conspiracy, nor the acts shown to have been committed, were such as to bring the plaintiff in error within the meaning of the statute upon which the indictment is founded. Thereby is presented the principal question in the case, which is whether the facts charged and proven are such as to show that the intention of the conspirators was to transport the women and girls for the purposes denounced by the statute. The case differs from Athanasaw v. United States, 227 U. S. 326, 33 Sup. Ct. 285, 57 L. Ed. 528, Ann. Cas. 1913E, 911, only in that there is no proof here that any of the girls was actually solicited to engage in sexual debauchery, and that there is no charge that such

debauchery was contemplated by the accused in transporting the girls to Mexicali. But we think there is enough in the charge and in the proofs to show that the purpose of the accused was within the prohibition of the statute. They intended to and did place the girls in a house of prostitution. They subjected them to all the evil influences of such surroundings. They required them to dance on the same floor with prostitutes. There was evidence that they were instructed, in case they were solicited to engage in sexual intercourse, to refuse, and to say in substance that there were others there for that purpose, and thus to advertise the prostitutes. They were to be in the dance hall for the purpose of luring men to dance with them, and to induce men to purchase intoxicating liquors, and thereby to aid in maintaining the business of prostitution in which the plaintiff in error was engaged. They placed the girls in an environment in which they were likely to be solicited to engage in prostitution, and their contracts with the girls indicate that they expected that such solicitations would be made. In Simpson v. United States, 245 Fed. 278, 157 C. C. A. 470 (certiorari denied 245 U. S. 667, 38 Sup. Ct. 133, 62 L. Ed. ——), we held that one who induced a woman to travel from California to Mexico to manage a house of prostitution was punishable under the White Slave Act (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1916, §§ 8812–8819]). There is no difference in principle between that case and this. While the girls who were transported to Mexicali were not engaged in managing the house of prostitution, they were engaged in luring men to it, and probably were as essential to its success as a manager would have been.

[2] Error is assigned to the denial of the motion of plaintiff in error in arrest of judgment. To this it is sufficient to say that the ruling of the trial court on that motion is not assignable as error. Street Railroad Company v. Hart, 114 U. S. 654, 5 Sup. Ct. 1127, 29 L. Ed. 226; Andrews v. United States, 224 Fed. 418, 139 C. C. A. 646.

[3] It is said that the court below erred in giving certain instructions to the jury. No such error was brought to the attention of the court below. At the close of a comprehensive charge on all the features of the case, counsel for the plaintiff in error noted "exceptions to each and every instruction offered on behalf of the government." We have no means of knowing what instructions were offered on behalf of the government, and, even if the exceptions are to be deemed to have been taken to the instructions actually given, they are wholly insufficient. "A general exception to a charge, which does not direct the attention of the court to the particular portions of it to which objection is made, raises no question for review." Holder v. United States, 150 U. S. 91, 14 Sup. Ct. 10, 37 L. Ed. 1010; Masonic Ben. Ass'n v. Lyman, 60 Fed. 498, 9 C. C. A. 104; Baggs v. Martin, 108 Fed. 33, 47 C. C. A. 175.

[4] Error is assigned to the remarks of the court in instructing the jury, in which it was said that, if the defendants contracted with the women that the latter should not engage in prostitution, or advised them what to do in the event that they were solicited by men, that would be very strong evidence that the defendants knew that the surroundings

and environment in which the women were to be placed would naturally lead to debauchery and immoral sexual relations. Such an expression of opinion as to the evidence in the case was permissible. Rucker v. Wheeler, 127 U. S. 85, 93, 8 Sup. Ct. 1142, 32 L. Ed. 102; Lovejoy v. United States, 128 U. S. 171, 173, 9 Sup. Ct. 57, 32 L. Ed. 389. The jury were told that they were not bound by what the court said concerning the weight to be given to the evidence, but that it was their right to determine the weight of the evidence, and the credibility of the witnesses.

The judgment is affirmed.