## GOULED v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 20, 1921.)

### No. 142.

1. **Criminal law ☞1134(10)—Ruling on motion in arrest of judgment is not reviewable.**

   The ruling on a motion in arrest of judgment, even if exception is taken thereto, is not reviewable on writ of error, any more than the ruling on the motion for new trial.

2. **Criminal law ☞1090(5)—Defect in indictment not cured by verdict can be reviewed without bill of exceptions.**

   Where the assigned defect in the indictment is not one which could be cured by the verdict, it can be reviewed on writ of error on the judgment roll, without bill of exceptions.

3. **Post office ☞35—Use of mail to advance scheme to defraud United States is punishable.**

   The use of the mails for the purpose of executing a scheme or artifice to defraud the United States is punishable, under Criminal Code, § 215 (Comp. St. § 10385).

4. **Conspiracy ☞43(10)—Indictment held to allege conspiracy, and not merely procuring an acceptance of bribe.**

   An indictment charging that one of the defendants agreed with another, who was an officer authorized to make contracts on behalf of the United States, to procure funds from manufacturers desiring to sell to the United States, and to divide with the defendant officer and other officers, who made contracts with the contributing manufacturers, alleges a true agreement or conspiracy to defraud the United States, within Criminal Code, § 37 (Comp. St. § 10201), and not merely an acceptance by the officer of bribes procured by the other defendant.

5. **Conspiracy ☞33—Need not contemplate any pecuniary loss to the United States.**

   It is not essential to a conspiracy to defraud the United States that the agreement alleged contemplated any pecuniary loss on the part of the government.

In Error to the District Court of the United States for the Southern District of New York.

Felix Gouled was convicted of using the mails to defraud and of a conspiracy to defraud the United States, and he brings error. Reversed, and new trial order, in conformity to answers of Supreme Court to certified questions, which can be found in 255 U. S. ——, 41 Sup. Ct. 261, 65 L. Ed. ——.

See, also, 253 Fed. 239, 242, 770; 264 Fed. 839.

Martin W. Littleton and John D. Lindsay, both of New York City, for plaintiff in error.

Francis G. Caffey, U. S. Atty., of New York City, and Joseph A. Berdeau, Sp. Asst. U. S. Atty., of Brooklyn, N. Y.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HOUGH, Circuit Judge. This writ having come on for argument, we certified to the Supreme Court six questions suggested by the record. They have been specifically answered by the opinion of that court filed February 28, 1921 (255 U. S. ——, 41 Sup. Ct. 261, 65 L. Ed. ——), and the points suggested are also covered in the opinion in Amos v. United States (255 U. S. ——, 41 Sup. Ct. 266, 65 L. Ed. ——), filed the same day. The facts are so fully set forth in the higher court's opinion that they need not be here repeated, and obviously the answers by the Supreme Court require reversal and a new trial.

Other matters, however, have been urged at bar unrelated to the certified questions. The only one now requiring comment is an attack upon the sufficiency of the indictment.

[1] The brief raises the point on exception to the court's refusal to grant motion in arrest of judgment. Generally speaking such practice is erroneous, for, even when a bill of exceptions is settled in respect of such refusal, the motion is of no more effect than motion for a new trial, and neither can be reviewed here. Street Railroad v. Hart, 114 U. S. 654, 661, 5 Sup. Ct. 1127, 29 L. Ed. 226; Andrews v. United States, 224 Fed. 418, 139 C. C. A. 646.

[2] But where the indictment defect assigned is one not to be cured by verdict, no bill of exceptions is required; we can and must consider the point on the judgment roll.

The facts charged in the indictment are that one Vaughan was in 1918 a captain in the Quartermaster's Department of the United States army, and that as such official it was his duty to receive and consider bids for the manufacture of clothing and equipment for the army and to award contracts for the manufacture thereof. Thereupon Gouled and Vaughan (and others unknown to the grand jurors) formed the plan of letting Gouled represent to certain named persons and corporations, collectively called "manufacturers," that he (Gouled) could through influence procure government contracts for such of the manufacturers as chose to pay him a fee or commission based upon the amount or value of the contract so obtained and awarded. The moneys thus to be realized by Gouled were to be delivered to Vaughan and divided—

"among divers officers of the United States * * * with the intent to influence the decision and action of [Vaughan] and each of said divers officers on questions * * * before [Vaughan] or them in his or their official capacity, viz. the consideration and acceptance of bids and the letting and award of contracts for the manufacturers of garments for the United States army."

Gouled was tried on two counts. In the first the allegations above summarized are substantially said to be a "scheme and artifice to defraud" the United States, and it is charged that for the purpose of executing said scheme, etc., Gouled placed a certain letter in the post office establishment; wherefore the count rests on Criminal Code, § 215 (Comp. St. § 10385). In the second count the fact allegations above summarized are alleged as a conspiracy on the part of Vaughan and Gouled and others "to defraud the United States." Overt acts

are duly alleged, and this count rested on Criminal Code, § 37 (Comp. St. § 10201).

[3] As to the count under section 215, it seems enough to point out that the language of the statutes is that whoever devises "any scheme or artifice to defraud," and "for the purpose of executing such scheme or artifice, or attempting so to do," uses the United States mail in the manner specified, is guilty. It is no longer necessary to go over the history of this act, or to point out how it has grown from the original (so-called) "green-goods statute" to its present form. This has been often done (e. g., Scheinberg v. United States, 213 Fed. 757, 130 C. C. A. 271, Ann. Cas. 1914D, 1258). As it now stands, any kind or species of scheme or artifice to defraud is punishable in the national courts, if and whenever for the purpose of executing that scheme the postal establishment is used in the statutory manner and form. Under such a statute no reason can exist why a scheme or artifice to defraud the United States (such as this plainly was) should not be punishable thereunder when—and perhaps especially when—the United States mail is used in the prosecution of a scheme to defraud the United States. As for authority the count may rest upon United States v. Aczel (D. C.) 219 Fed. 917, which we do not think is overruled or affected by United States v. Bathgate, 246 U. S. 220, 38 Sup. Ct. 269, 62 L. Ed. 676, or United States v. Gradwell, 243 U. S. 476, 37 Sup. Ct. 407, 61 L. Ed. 857.

[4] In respect of the count resting on section 37, the objections made are thus summarized: If everything in the count be taken as true, nothing more is alleged than that Vaughan accepted bribes, while Gouled procured them for him. This is not an accurate summary of the count; it alleges a true agreement, plan, or conspiracy to bring about a course of business by which Gouled was to milk the manufacturers for a corruption fund, of which the distribution reached far beyond Gouled and Vaughan. Nothing could more truly describe (in the language of section 37) an agreement to defraud the United States.

[5] It is perfectly settled that such agreement to defraud need not contemplate any pecuniary loss on the part of the government of which Hamburg, etc., Co. v. United States, 250 Fed. 747, 764, 163 C. C. A. 79, is an extreme example. This count in the indictment is well justified by Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392.

For these reasons, we perceive no legal objection to a retrial under the same counts.

Judgment reversed, and new trial ordered.