5 F.(2d)—32

## HOUSTON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 3, 1925.)

No. 4333.

1. **Criminal law** ⊜➡1134(10)—**Ruling on motion in arrest reviewable.**

The ruling on a motion in arrest of judgment, for defects apparent on the face of the record, may be assigned as error.

2. **Poisons** ⊜➡4—**Only persons required to register are punishable for having narcotics in their possession.**

Only persons required by Harrison Narcotic Act, § 1 (Comp. St. § 6287g), to register and pay the special tax, and who have failed to do so, are punishable under section 8 for having narcotic drugs in their possession.

3. **Criminal law** ⊜➡875(1)—**Partial verdict held a nullity as without basis.**

Under an indictment based on Narcotic Act, § 8 (Comp. St. § 6287n), charging that defendant was a dealer in opium or its derivatives, required by section 1 to register and pay the special tax, that being unregistered she had morphine sulphate unlawfully in her possession, where both issues were contested on conflicting evidence, a verdict finding defendant "guilty of possession" was only a partial verdict, and lacking the essential finding on the other issue, was a nullity.

4. **Criminal law** ⊜➡168—**Ineffective verdict not former jeopardy.**

Where the verdict of the jury on a first trial was a nullity, defendant cannot plead former jeopardy in bar of a second trial.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Criminal prosecution by the United States against Mrs. Lucille Houston. Judgment of conviction, and defendant brings error. Reversed and remanded.

Maurice R. Woulfe, of New Orleans, La., for plaintiff in error.

Louis H. Burns, U. S. Atty., and Edwin H. Grace, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge. This is a prosecution under section 8 of the Harrison Narcotic Law, 38 Stat. 789 (Comp. St. § 6287n). The indictment charges that the defendant, Lucille Houston, being a person who deals in opium and its derivatives, and as such being required to register and pay the special tax imposed by law, unlawfully had in her possession 60 grains of morphine, to which appropriate tax-paid stamps were not

attached, and which was not in the original stamped package. The evidence was in conflict, both as to whether the defendant sold or dealt in morphine and therefore was required to register and pay the special tax, and as to whether she had morphine in her possession. The defendant in her testimony denied that she ever sold or dealt in morphine, and also denied possession. The verdict of the jury is as follows: "We, the jurors, find the defendant guilty of possession." The defendant filed a motion in arrest of judgment on the ground that the verdict is a nullity; but the District Court denied the motion and sentenced the defendant to a term in the penitentiary.

[1] The government contends that error cannot be assigned on a motion in arrest of judgment, and cites Street Railroad Co. v. Hart, 114 U. S. 654, 5 S. Ct. 1127, 29 L. Ed. 226, and Andrews v. United States, 224 F. 418, 139 C. C. A. 646. The Supreme Court decision only held that the motion in arrest in the case then before it amounted to no more than a motion for a new trial. It was not there decided that a motion in arrest of judgment could not be assigned as error for defects apparent on the face of the record, although that seems to be the view in the Andrews Case. A motion in arrest has long been in use and is well recognized as a proper method of attacking void or defective verdicts or other errors apparent on the face of the record. 2 Bishop's New Criminal Procedure, ch. 87. In Blitz v. United States, 153 U. S. 308, 14 S. Ct. 924, 38 L. Ed. 725, the Supreme Court sustained an assignment of error based on such a motion. See, also, Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 480, 40 L. Ed. 606. There is no other way by which error based upon a defective or void verdict can be reviewed.

[2, 3] The persons punishable for possession under section 8 are not all persons, but only those who are required by section 1 (section 6287g) to register and pay the special tax. United States v. Jin Fuey Moy, 241 U. S. 394, 36 S. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854. Therefore the allegations in the indictment that the defendant belonged to the class of persons required to register and pay the special tax were essential allegations, without which the averment of possession would not have stated an offense under the act. As it was necessary to allege in the indictment, so it was necessary to show by the evidence, that the defendant sold or dealt in opium or its derivatives. But the verdict of the jury leaves this disputed question undetermined, whereas it would have to be decided in the affirmative in order to authorize the jury to find the defendant guilty of unlawful possession. A verdict which finds the defendant guilty of only a part of the charge included in the indictment is well described as a partial one. 2 Bishop's New Criminal Procedure, § 1009. A partial verdict is good if it finds anything upon which judgment can be entered. Id. §§ 1005a, 1011; 1 Bishop on Criminal Law, § 1006; O'Neal v. State, 54 Fla. 96, 44 So. 940. We are of opinion that it is impossible to determine from the entire record, including the evidence, whether the jury intended to find that the defendant was one who sold or dealt in opium or its derivatives, and that therefore the verdict is a nullity.

[4] It is proper to say in this connection that, in our opinion, the defendant cannot plead former jeopardy, but may be tried again. 1 Bishop on Criminal Law, § 998(3).

The judgment is reversed, and the cause remanded for a new trial.