## CRITZER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1925.)

No. 4570.

1. Criminal law ⬳901—Error, if any, in denial of motion for directed verdict, waived.

Defendant introducing testimony after denial of motion for directed verdict at close of government's evidence, and failing to renew motion at close of all evidence thereby waives error, if any, in denial of motion.

2. Criminal law ⬳972—Motion in arrest of judgment held to raise no error patent on record.

Motion for arrest of judgment on ground that verdict was inconsistent with instructions not in record raises no question of error patent on record, and it has no more effect than motion for new trial, not reviewable, except for clear abuse of discretion.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

W. G. Critzer was convicted of violating the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and he brings error. Affirmed.

Joseph J. Lavin, of Spokane, Wash., for plaintiff in error.

H. E. Ray, U. S. Atty., and W. H. Langroise, Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Critzer and Hayden were charged with the unlawful possession and unlawful transportation of certain liquor, and in a third count libel was alleged against the automobile used in the transportation of the liquor. Hayden was acquitted, but Critzer was convicted and brought writ of error.

[1] There is no merit in the assignment that the court erred in denying the motion for a directed verdict upon the ground of the insufficiency of the evidence, and made at the close of the testimony of the government. Defendant having introduced testimony after the motion was denied, and not having renewed it at the close of all the evidence, waived the point. Burton v. United States, 142 F. 57, 73 C. C. A. 243; Andrews v. United States, 224 F. 418, 139 C. C. A. 646; Deupree v. United States (C. C. A.) 2 F.(2d) 44.

[2] Error is assigned upon the denial of defendant's motion in arrest of judgment.

The basis of the motion was that the verdict was inconsistent with the instructions; that, one defendant having been acquitted, the other should have been, as the instructions of the court were that, in order to find Critzer guilty, it must be found that some relationship existed between Critzer and the codefendant, Hayden, and that there was no evidence of any agreement between the defendants to transport the liquor. Such a motion for arrest of judgment raises no question of error patent upon the record, and can have no more effect than a motion for a new trial, which is not reviewable by this court except for clear abuse of discretion. Andrews v. United States, 224 F. 418, 139 C. C. A. 646; Demolli v. United States, 144 F. 363, 75 C. C. A. 365, 6 L. R. A. (N. S.) 424, 7 Ann. Cas. 121; Gouled v. United States (C. C. A.) 273 F. 506; Beyer v. United States, 251 F. 39, 163 C. C. A. 289; Kellerman v. United States (C. C. A.) 295 F. 796.

The instructions are not in the record, and we must presume that the jury were properly charged as to the nature of the offenses and the measure of proof requisite in order to convict the defendants, or either of them.

Defendant, having failed to show that any injustice was done him, must abide the judgment.

Affirmed.