### SUTTON v. UNITED STATES.
### No. 7733.

Circuit Court of Appeals, Ninth Circuit.
Nov. 8, 1935.

As Amended on Denial of Rehearing
Dec. 19, 1935.

Richard H. Cantillon and G. Bentley Ryan, both of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Ernest R. Utley, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Frank E. Sutton, hereinafter called appellant, was indicted for mailing a threatening letter with intent to extort money from the addressees (Act July 8, 1932, c. 464, § 1, 47 Stat. 649, 18 USCA § 338a). Having been convicted and sentenced, he prosecutes this appeal.

Appellant filed a motion to quash the indictment, on the ground that there was no competent evidence before the grand jury that appellant mailed the letter or caused it to be mailed. The trial court heard the motion and denied it. This ruling is assigned as error. The assignment is not well taken. The motion was addressed to the trial court's discretion, and the denial thereof is not reviewable. Ramirez v. United States (C. C. A. 9) 23 F.(2d) 788, 789. In his brief filed in this court, appellant complains that, at the hearing of his motion to quash, two witnesses called by him were not permitted to testify. This action of the trial court was not assigned as error and will not be reviewed.

Appellant demurred to the indictment on the ground of uncertainty, stating that it could not be ascertained therefrom whether he was accused of mailing the letter in question or of causing it to be mailed. The overruling of the demurrer is assigned as error. Section 1 of the act of July 8, 1932, supra, provides that whoever, with intent to extort money from any person, shall knowingly "deposit or cause to be deposited" in any authorized depository for mail matter, to be sent or delivered by the post office establishment of the United States, any letter containing a threat to kidnap any person, shall be punished as provided in the act. The indictment in this case alleges that appellant did, with intent to extort money from Mr. and Mrs. Fred S. Markham, "deposit and cause to be deposited" in an authorized depository for mail matter, to be sent and delivered

by the post office establishment of the United States, the letter set out in the indictment, which letter contained a threat to kidnap Charles and Richard Markham.

Appellant contends that the word "and" in the phrase "deposit and cause to be deposited" renders the indictment uncertain. There is no merit in this contention. The statute having used the disjunctive "or" in defining the crime, it was proper for the pleader to use the conjunctive "and" in drawing the indictment. Shepard v. United States (C. C. A. 9) 236 F. 73, 82; Simpson v. United States (C. C. A. 9) 229 F. 940, 942. The demurrer was properly overruled.

[4, 5] Appellant also demanded that he be furnished a bill of particulars, advising him whether he was accused of mailing the letter in question or of causing it to be mailed. The refusal of his demand is assigned as error. The assignment is without merit. Appellant's demand was addressed to the sound discretion of the court, and, unless that discretion was abused, the ruling should not be disturbed. Wong Tai v. United States, 273 U. S. 77, 82, 47 S. Ct. 300, 71 L. Ed. 545; Rubio v. United States (C. C. A. 9) 22 F.(2d) 766, 768; Kettenbach v. United States (C. C. A. 9) 202 F. 377, 382.

There was no abuse of discretion in this case. There was no legal difference between mailing the letter and causing it to be mailed. If appellant mailed it himself, he thereby caused it to be mailed. If he caused some one else to mail it, he became a principal in the act of mailing it, and, legally speaking, mailed it himself. Criminal Code, § 332, 18 USCA § 550. There is nothing in the record indicating that appellant was taken by surprise in the progress of the trial, or that his substantial rights were prejudiced in any way by the refusal to require a bill of particulars. Such refusal, therefore, constitutes no ground for reversal. Wong Tai v. United States, supra; Rubio v. United States, supra.

■ The government offered in evidence a typewritten document of nine pages, purporting to be a transcript of questions propounded to appellant by deputy sheriffs at the time of his arrest and appellant's answers thereto. The first six pages of this document were initialed and signed by appellant and were not objected to. The last three pages were not so signed or initialed and were objected to on the

ground that no proper foundation had been laid for their introduction, in that the stenographer who took and transcribed the questions and answers had not been produced as a witness. The objection was overruled and the entire document was admitted. The ruling is assigned as error. Assuming, without deciding, that the three pages referred to were erroneously admitted, the error was harmless, because the officers who questioned appellant testified, as did appellant himself, that the questions and answers set forth on these pages had, in fact, been asked of and answered by appellant, as the document indicated. Obviously, no prejudice could have resulted from the introduction of the typewritten transcript.

■ Appellant assigns as error the giving of a certain instruction to the jury, this being one of many instructions contained in the general charge. The only exception to it was a statement by appellant's counsel that "the defendant excepts to each and every instruction requested by the Government to be given and so given by the court." Appellant did not, nor did his counsel, state distinctly the several matters of law to which he excepted, as required by our rule 10. His so-called exception was wholly insufficient, and the assignment of error based thereon is, therefore, disregarded.

■ Appellant's brief contains a specification of error to the effect that the "trial Judge erred in commenting upon the evidence, in that he so colored the charge to the jury as to unfairly influence them by virtually indulging in an act of advocacy." The comments, when made, were not excepted to on any such ground. The only exception then taken was that the comments of the court were "not complete enough to clearly depict the circumstances and conditions in connection with the case." That exception is not urged here. The objection now urged, not having been made below, will not be considered. Wong Tai v. United States, supra; Yenkichi Ito v. United States (C. C. A. 9) 64 F.(2d) 73, 77.

■ The denial of appellant's motion for a new trial was not assignable as error (Pickett v. United States, 216 U. S. 456, 461, 30 S. Ct. 265, 54 L. Ed. 566; Brown v. United States (C. C. A. 9) 9 F.(2d) 588, 590; Brownlow v. United States (C. C. A. 9) 8 F.(2d) 711,

712; Andrews v. United States (C. C. A. 9) 224 F. 418, 419), nor was the denial of his motion in arrest of judgment. Beyer v. United States (C. C. A. 9) 251 F. 39, 41; Andrews v. United States, supra. The assignments of error based on these rulings are, therefore, disregarded.

Judgment affirmed.